THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. MORIARTY, Respondent, *v.* JAMES CREELMAN et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

New York (city of) — inspector in bureau of fire prevention — validity of civil service requirement that inspector shall be at least twenty-five years old.

1. The municipal civil service commission of the city of New York is authorized to prescribe a minimum age limit of twenty-five years for the position of inspector in the bureau of fire prevention. This rule does not conflict either with the letter or the spirit of the provision of section 734 of chapter 466 of the Laws of 1901, which requires that an appointee to membership in the fire department must be "over the age of twenty-one," even if such provision is applicable.

2. There is no constitutional or inherent right to be appointed to the place in question. The public has the right to require that the fitness of the person appointed should be measured and established by any test honestly and reasonably appropriate to that end, and such an one, it may be fairly claimed, is the age limitation. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92, 99, followed.)

*People ex rel. Moriarty* v. *Creelman*, 152 App. Div. 147, reversed.

(Argued November 19, 1912; decided December 10, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

July 23, 1912, which reversed an order of Special Term
denying a motion for a peremptory writ of mandamus to
compel defendants to admit relator to an examination for
the position of inspector in the bureau of fire prevention
of the city of New York and granted said motion.

The facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel* (*Terence
Farley* and *Elliot S. Benedict* of counsel), for appellants.
The only limitation on the power of the municipal civil
service commission to prescribe regulations for the exami-
nation of applicants for appointment in the classified civil
service of the city of New York is that such regulation shall
not be inconsistent either with the Constitution of this
state or the Civil Service Law. (*Matter of Ricketts*, 111
App. Div. 669.) The legislature has invested the civil
service commission with authority to pass such rules and
regulations as it deems proper, which are not incon-
sistent with either the Constitution and the Civil Service
Law, and there is nothing in either the Constitution or
the Civil Service Law which prohibits the civil service
commission from prescribing a minimum age limit for
the position of inspector in the bureau of fire prevention.
It follows that the civil service commission had the power
to pass such a regulation and that it has the force and
effect of law. (*Matter of Ricketts*, 111 App. Div. 669;
*People ex rel. Lee* v. *Gleason*, 32 App. Div. 357; *People
ex rel. Killeen* v. *Angle*, 109 N. Y. 564.)

*Thomas Carmody, Attorney-General* (*Franklin Ken-
nedy* of counsel), for State Civil Service Commission.
The civil service commission has the power to prescribe
that the minimum age of applicants for appointment to
the position of inspector in the bureau of fire prevention
in the fire department of the city of New York shall be
twenty-five years. (*People ex rel. Schau* v. *McWilliams*,
185 N. Y. 92; *Matter of Simons* v. *McGuire*, 204 N. Y.
253; *Slavin* v. *McGuire*, 205 N. Y. 84.)

*Samuel H. Ordway* and *Albert De Roode* for Civil Service Reform Association. The courts should not interfere with the civil service commissions in the reasonable exercise of administrative functions. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Simons* v. *McGuire,* 204 N. Y. 253.)

*Alfred J. Talley* and *Joseph A. McNamara* for respondent. The act of the municipal civil service commission in rejecting relator's application on the sole ground that he was under the age of twenty-five years was arbitrary and unreasonable and constituted an abuse of discretion. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Simons* v. *McGuire,* 204 N. Y. 253; *Baird* v. *Bd. of Suprs. of Kings County,* 138 N. Y. 95.) The age requirement for the position of inspector in the bureau of fire prevention is fixed by the charter of the city of New York, and it is in direct contravention of the terms thereof for the municipal civil service commission to prescribe any different requirement. (L. 1901, ch. 466, §§ 727, 728, 734.)

HISCOCK, J. This appeal presents the question whether the appellants, constituting the municipal civil service commission of the city of New York, were authorized to prescribe a minimum age limit of twenty-five years for the position of inspector in the bureau of fire prevention.

As the result of disastrous fires in the city of New York, resulting in the terrible loss of human life, there was adopted chapter 458 of the Laws of 1912, authorizing the fire commissioner to organize in the fire department of that city a bureau of fire prevention and to appoint officials, subordinates and employees thereof. In addition to other things, it was provided by the statute that all officers and employees of said bureau should "have the powers and perform the duties of peace officers, but their power to make arrests and to serve process in crimi-

nal actions should (shall) be restricted to cases arising under laws or ordinances relating to fires, fire perils and fire prevention." While the affidavits are not at all full or complete on this subject, it has been assumed that in this bureau there were created three grades of inspectors and that the duties of such an inspector would be "to inspect buildings with a view to noting all hazardous conditions of construction, occupancy and use as loft, shop, factory, tenement, theatre, etc., to ascertain sufficiency of means of escape; to investigate complaints or reports of officers of the fire department, * * * and to be able to recommend such proper safeguards as may reduce or prevent fire dangers."

It becoming necessary to fill many of these positions, the appellants gave notice that applications would be received at a certain time and place for appointment to grades two and three. Said notice prescribed the duties of an inspector as already set forth and stated that a candidate should have had specified lines of experience which were calculated to qualify him for the discharge of the duties of such a place. It specified details of the examination to be taken by candidates and stated that the minimum age of an applicant must be twenty-five years. It is urged before us as somewhat of a preliminary objection that no proper action was taken by the appellants as a board fixing the qualifications and age limits of a candidate for one of these positions. It is true that the affidavits filed on behalf of the appellants do not set forth these facts. This question, however, does not seem to have been raised on the original hearing, and I think that we are, therefore, justified in assuming that the notice to which reference has been made was in accordance with and preceded by such formal action by the board as was necessary.

The relator, who had been serving temporarily in this bureau, made application for permanent appointment to one of these positions, but his application was rejected

and he was not allowed to take the prescribed examination because he was under the age of twenty-five years, and he now insists that the act of the appellants in fixing such minimum age limit was unauthorized and should be disregarded, and this view was sustained by the Appellate Division.

In the prevailing opinion at the Appellate Division and on the argument of this appeal it is conceded or at least not denied that the civil service commission may fix age limits for applicants for appointment to such a position as this. It sufficiently appears that the existence of this power has been assumed for many years in the absence of special circumstances by civil service boards, courts and the public generally, and this fact of practical construction is of itself a weighty argument in favor of giving this interpretation if possible to the laws applicable to this subject. Independent of this consideration, however, I think that the statutes fairly warrant this interpretation, and, therefore, shall not take time to review them.

Assuming, therefore, that the appellants had the power to fix an age limit for applicants for appointment to this position, the only question which is left for our consideration is whether the age of twenty-five years so fixed was for any reason unauthorized or unlawful. In the first place it is argued that since by the act creating this bureau, and already referred to, it was made a part of the fire department, its employees are governed by the general provision (section 734 of the charter, L. 1901, ch. 466) that "no person shall be appointed to membership in the fire department * * * who is not over the age of twenty-one and under the age of thirty years," and that this provision fixed a minimum age limit of twenty-one years which the appellants could not alter. Although this point was discussed in the opinion of the Appellate Division, we have not had the benefit on this argument of any answer to it by the learned corporation

counsel, but have been left to search amongst many statutory provisions relating to the fire department for such light as we might be able to find, and it is possible under these circumstances that we have overlooked some provision bearing on this subject.    Subject to this possibility, it seems to me doubtful whether the provision quoted when construed in connection with other provisions is applicable to such a position as the one in question.    It does not appear that an inspector has been made a member of the uniformed force, and apparently he is not a "fireman" as that term is used in various places in the statute.    Moreover, it does not appear that it would conflict either with the letter or the spirit of the provision in question which requires that an appointee must be "over the age of twenty-one" to fix a requirement of twenty-five years. (*People* v. *Erie R. R. Co.*, 198 N. Y. 369, 381, 383.)

Thus we come to the remaining and more important question whether general considerations, as distinguished from a specific reason like that discussed, forbade the appellants to fix the age limit in question.    The principle of the rule which must govern the decision of this question is found in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92, 99).    It was there written that in determining whether a given position should be included in the competitive class of the civil service if " the position is one, as to the proper mode of filling which there is a fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification," and that only in a case where the action of the commission in making a classification was clearly and palpably illegal would its action be corrected by mandamus.    If this be the rule to be followed in considering the action of a commission classifying a position in the competitive class, for instance, the same principle must be logically and naturally applied to the consideration of

the tests which may be adopted for appointment to such a position after it has been thus classified. In the absence of some express limitation the action of the commission in fixing such tests must stand, unless it is so clearly irrelevant and unreasonable as to be palpably indefensible and improper. If any fair, reasonable argument may be made to sustain the action the courts should not interfere, even though they may differ from the commission as to its advisability.

Applying this rule, I think it is clear that the action of the commission should not be annulled in this case. The position of inspector was obviously an important one. It demanded not only technical and practical knowledge and experience in the matter of construction and equipment of buildings as bearing on fire risks, but also maturity and safety of judgment in analyzing and estimating such conditions and dangers. As has already been pointed out, such an official, in addition to his other duties, had, within certain limits, powers of executing criminal process, always to be exercised with deliberation and discretion, and various experts who had been consulted on the subject advised the fixing of this minimum age limit. Under these circumstances it seems apparent that the safeguards of a formal examination as to specified experience and practice might very well be supplemented by an age requirement which in the opinion of the commissioners would ordinarily still further insure the possession of such qualifications as were needed for a satisfactory discharge of the duties of the position. Mere experience and knowledge, evidenced by an examination, do not always develop those qualities of mind and judgment which lead to the useful and satisfactory application of such experience and knowledge. Other things being equal it at least might be fairly argued that a man of twenty-five years of age would be apt to have a more mature and reliable judgment than one of twenty-one years, and therefore, would be better fitted for appointment

to one of these very responsible positions. This being so it follows that the commission would be justified, as against the present proceeding, in formulating the requirement which is complained of. The relator did not have any constitutional or inherent right to be appointed to one of these places. The appellants representing the public did have the right to require that before appointment his fitness should be measured and established by any test honestly and reasonably appropriate to that end and such an one it may be fairly claimed was the age limitation.

For these reasons I advise that the order of the Appellate Division be reversed and that of the Special Term denying the application for a writ of mandamus be affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Order reversed, etc.