In the Matter of the Application of JAMES F. LAVERTY, Respondent, for a Peremptory Order of Mandamus against JAMES E. FINEGAN and Others, Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, January 15, 1937.

*William S. Gaud, Jr.*, of counsel [*Paxton Blair* and *Robert H. Schaffer* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellants.

*Robert L. Callahan* of counsel [*Joseph J. Reiher* with him on the brief; *Smith & Reiher*, attorneys], for the respondent.

UNTERMYER, J. On June 14, 1935, the municipal civil service commission of New York city gave notice of a competitive examination for the position of chief life guard. In connection with the examination the requirement was promulgated that applicants must be not less than twenty-one nor more than forty years of age. The application of the petitioner, who for several years had established an excellent record as a temporary city life guard and as acting chief life guard, was rejected by the commission for the reason that he exceeded the specified age limitation by five years. He thereupon secured an order of alternative mandamus, pursuant to which the reasonableness of the age limitation and the propriety of holding an open competitive examination instead of a promotion examination were submitted to a jury, which rendered a verdict in his favor. Thereupon the final order appealed from was made.

We are of opinion that the evidence did not justify the submission of either question to the jury and that the peremptory order of mandamus should be reversed and the proceeding dismissed. Determination of the fitness and qualification of candidates is committed by law to the commission, whose opinion concerning the proper age of applicants, unless palpably absurd or discriminatory, is not to be subordinated to the opinion of a jury. (*People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570; *Matter of Bridgman* v. *Cosse*, 157 Misc. 8; affd., 246 App. Div. 632; affd., 271 N. Y. 535.)

The present record discloses no basis for substituting the judgment of the jury for the judgment of the commission. The age limitations were adopted by the commission after the most painstaking consideration and after consultation with leading authorities. They are such as inevitably to suggest themselves in connection with work of such a character as this. They were adopted in the belief that a chief life guard should not only be capable of doing the work of an ordinary life guard, but that he should be able to teach his subordinates, by demonstration, the technique of life saving under difficult conditions. It was also considered that the chief life guard should be young enough to be able to render at least fifteen years of useful service before retirement under the pension laws or on account of physical disability.

There were reasons, equally persuasive, for an open competitive examination rather than a promotional examination limited to persons already in the city service. The occupation is seasonal and appointment is generally made for a period not exceeding the summer months. There would, therefore, have been no persons who had served in the " next lower grade or rank for not less than six consecutive months immediately preceding the examination" (N. Y. Mun. Civ. Serv. Comm. Rules, rule V, § X, ¶ 4), who could have qualified for such an examination.

The order granting a peremptory mandamus should be reversed, with costs and disbursements, and the petition dismissed.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order granting a peremptory order of mandamus unanimously reversed, with costs and disbursements, and the petition dismissed.