In the Matter of Charles Wirzberger et al., Respondents, against James S. Watson et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants. In the Matter of Charles W. Fie et al., Respondents, against James S. Watson et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

Argued June 2, 1953; decided July 14, 1953.

508

*Denis M. Hurley, Corporation Counsel* (*Andrew Bellanca* and *Seymour B. Quel* of counsel), for appellants.    I. The commission's determination was amply supported by the record and fully warranted under the provisions of the Civil Service Law and the rules of the commission.  The court below, therefore, was not justified in vacating the commission's determination and substituting its judgment for that of the commission.  (*Matter of Fitzgerald* v. *Conway,* 195 Misc. 397, 275 App. Div. 205; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Loud* v. *Ordway,* 219 N. Y. 451; *Matter of Thomas* v. *Kern,* 280 N. Y. 236; *Matter of Murray* v. *McNamara,* 303 N. Y. 140; *Matter of Strauss* v. *Hannig,* 256 App. Div. 662, 281 N. Y. 612; *Matter of Laverty* v. *Finegan,* 249 App. Div. 411, 275 N. Y. 555; *Matter of Gauthier* v. *Rice,* 246 App. Div. 179; *Matter of Davis* v. *Wiener,* 260 App. Div. 127, 285 N. Y. 537.)  II. The reasonableness of the commission's action limiting eligibility to the promotion examinations to those then serving in a lower grade in the clerical service was amply supported by the record.  (*Matter of Ricketts,* 111 App. Div. 669; *Matter of Spack* [*Corsi*], 305 N. Y. 753; *Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327; *Matter of Miller* v. *Kling,* 291 N. Y. 65; *Matter of Laverty* v. *Finegan,* 249 App. Div. 411, 275 N. Y. 555; *Matter of Davis* v. *Wiener,* 260 App. Div. 127, 285 N. Y. 537; *Matter of Hecht* v. *Kern,* 178 Misc. 571.)  III. Petitioners had no vested rights to a continuance of the past practices.  The commission was free to change the eligibility requirement as need required.  (*Matter of Weeks* v. *Kraft,* 147 App. Div. 403, 205 N. Y. 585; *Matter of Kornbluth* v. *Reavy,* 261 App. Div. 60; *Matter of Luria* v. *Marsh,* 178 Misc. 595.)  IV. The order of the Appellate Division affirming the determination of Special Term is violative of the power vested in the commission by statute and is reviewable by the Court of Appeals as a matter of law.  (*Bunim* v. *Bunim,* 298 N. Y. 391; *Foley* v. *Equitable Life Assur. Soc.,* 290 N. Y. 424; *Matter of Small* v. *Moss,* 277 N. Y. 501; *Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464.)

*Samuel Resnicoff* for respondents.    I. While the commission has discretionary power, the exercise of that discretion is subject to judicial review and reversal.  (*People ex rel. Sweeney* v. *Rice,* 279 N. Y. 70; *Matter of Gruner* v. *McNamara,* 298 N. Y.

395; *Matter of Chironna* v. *Watson,* 304 N. Y. 255; *Matter of Sheridan* v. *Kern,* 255 App. Div. 57.) II. The action of the commission in excluding respondents was illegal, arbitrary, capricious, unreasonable, and in violation of law. (*Matter of Mendelson* v. *Kern,* 278 N. Y. 568; *Matter of Murray* v. *McNamara,* 303 N. Y. 140; *People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252; *Kelty* v. *Kaplan,* 205 App. Div. 487; *Story* v. *Craig,* 231 N. Y. 33; *Matter of Ricketts,* 111 App. Div. 669; *Matter of Laverty* v. *Finegan,* 249 App. Div. 411; *Matter of Luria* v. *Marsh,* 178 Misc. 595; *Matter of Hecht* v. *Kern,* 178 Misc. 511.) III. Section 16 of the Civil Service Law, as amended by chapter 569 of the Laws of 1953, effective April 8, 1953, is inapposite. IV. The Appellate Division having affirmed on the facts and on the law and in its discretion, the only question before the Court of Appeals is one of law. (*Delaware, L. & W. R. R. Co.* v. *Slocum,* 299 N. Y. 496; *Enterprise Window Cleaning Co.* v. *Slowuta,* 299 N. Y. 286; *People ex rel. Choolokian* v. *Mission of Immaculate Virgin,* 300 N. Y. 43; *Angelos* v. *Mesevich,* 289 N. Y. 498; *People* v. *Dessaure,* 299 N. Y. 126.)

LEWIS, Ch. J. Two consolidated proceedings pursuant to article 78 of the Civil Practice Act are here involved, of which one will be referred to as the *Wirzberger* proceeding and the other as the *Fie* proceeding. In the *Wirzberger* proceeding the petitioners are employed by the City of New York as junior accountants in the accounting service and junior statisticians in the statistical and actuarial service. They challenge the determination of the municipal civil service commission excluding them from a promotional examination for clerk, grade 4. In the *Fie* proceeding the petitioners are employed by the City of New York as bookkeepers in the accounting service. They challenge the determination of the municipal civil service commission excluding them from a promotional examination for clerk, grade 3.

At Special Term the court made an intermediate order admitting the petitioners to the examinations that were held on May 24, 1952, but, pending the determination of these proceedings, restrained the commission from publishing the results of the examinations. Subsequently, the court made a final order that (1) annulled the determination of the commission in each case;

(2) made final the court's previous intermediate order permitting the petitioners to take the examinations; and (3) directed the commission to rate the petitioners' examination papers. The court's opinion held that the commission's exclusion of the petitioners from the examination was arbitrary and an abuse of discretion.

Upon appeal by the municipal civil service commission to the Appellate Division, the order of Special Term was affirmed, two Justices dissenting. The order of affirmance, which we now review, was made " on the facts and on the law and in the discretion of this court ". The present appeal by the municipal civil service commission is taken as of right.

The controversy arose when the municipal civil service commission, on February 5, 1952, announced promotion examinations for clerk, grade 4, and clerk, grade 3. The notice of examination published by the commission for the position of clerk, grade 4, excluded persons who had not been employed in grades 3 or 4 of the clerical service for at least six months. The notice of examination for the position of clerk, grade 3, limited entrance to the examination to those persons who had been employed in grades 2 or 3 of the clerical service for at least six months or who had been employed for such period as an attendant, messenger, telephone operator, librarian or assistant librarian.

The positions of clerk, grade 4, and of clerk, grade 3, are in part 2 of the competitive municipal civil service classification entitled the " Clerical Service ". The positions of attendant, messenger and telephone operator are in part 6, entitled the " Attendance Service ", and the positions of librarian and assistant librarian are in part 33, entitled the " Library Service ", of the municipal civil service classification.

Thus the effect of the commission's announcement was to limit admission to the examinations for clerk, grade 4, and clerk, grade 3, to those serving in lower grades in the direct line of promotion in the clerical service with the exception that persons holding certain positions in the attendance service and library service could also be admitted to the examination for clerk, grade 3. The latter exception was made, according to the commission, because those positions " are in fact attached

to the Clerical Service '' and because '' the promotional opportunities in these titles are practically nil.''

A result of the commission's announcements was to exclude from both examinations candidates like the petitioners who, as junior accountants, junior statisticians and bookkeepers, were classified in part 24, the '' Accounting Service '', of the municipal civil service classification. This was a departure from the commission's former policy under which civil service employees in the accounting service had been admitted to promotional examinations in the clerical service. The commission's explanation of that change of policy is as follows:

'' With regards to the facts of this particular examination, it is true that in the past the Commission has permitted persons in the category of petitioners herein to compete in this type of examination. However, it has been found in many instances that previously established promotional lines were unsatisfactory, both from the standpoint of administrative efficiency and from the standpoint of the employees themselves. So called broad promotional lines of eligibility have resulted in increased out-of-title assignments. The Commission has found that where out-of-title assignments have been made, it has resulted in numerous complaints by agency heads as to unsatisfactory work performance by persons promoted due to lack of training and experience in the lower grades of the same type of work. * * *

'' In view of the foregoing the Commission has altered its promotional eligibility pattern in that it is restricting promotional examinations in the Clerical Service to those who are at present employed in lower grades of the Clerical Service. Likewise and in keeping with this policy, the Commission is restricting promotional examinations in the Accounting Service to those who are at present employed in lower grades of the Accounting Service. * * *

'' By this pattern of mutual exclusion the Commission believes that it has established a satisfactory promotional ladder with respect to these two groups, both from the standpoint of administrative efficiency and in the interests of the respective groups as well.

'' Neither group may infringe upon the promotional opportunities of the other. The promotional opportunities of each group

within its own service are ample, and through this policy the City obtains a more satisfactory system of employment. * * * ''

In this proceeding the courts have thus far decreed that the commission may not carry out its new policy of limiting promotions in the clerical service, in general, to those persons now serving within that classification. At Special Term the decision was based upon the finding that '' the type of work performed by the petitioners as bookkeepers, junior accountants and junior statisticians is similar in scope to the duties of clerks in grades 3 and 4.'' The decision at the Appellate Division was based upon its own view of the facts and the exercise of its own discretion.

Our disagreement with the Appellate Division and Special Term is based upon subdivision 2 of section 14 of the Civil Service Law, and subdivision 13 of section X of rule V of the Rules and Regulations of the Municipal Civil Service Commission, which confer upon the commission *alone* the duty of establishing preliminary requirements for promotional examinations. Section 16 of the Civil Service Law — as it read when these proceedings were started — provided that promotions in the competitive class shall be made, as far as practicable, from among persons holding positions in a lower grade in the same department in which the vacancy existed.*

The decisional law on the problem is that the commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action, '' * * * even though they may differ from the commission as to its advisability.'' (*People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570, 575–576; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92, 99; *Matter of Laverty* v. *Finegan,* 249 App. Div. 411, affd. 275 N. Y. 555; *Matter of Davis* v. *Wiener,* 260 App. Div. 127, affd. 285 N. Y. 537; and see *Matter of Murray* v. *McNamara,* 303 N. Y. 140, 144.)

Here the petitioners challenge as arbitrary the commission's new policy of preventing transfers between the accounting and clerical services with the following arguments: (1) Many of

* By chapter 569 of the Laws of 1953, effective April 8, 1953, the Legislature amended section 16 to give explicit statutory sanction to the commission's policy of direct line promotions.

these petitioners have proved that, in fact, they are qualified for the clerical service by passing previous examinations for clerk; (2) many department heads have written to the commission to urge the appointment of accountants and bookkeepers to the clerical service; (3) the arbitrariness of the commission's policy is proved by its admission of attendants and librarians to the clerical examination since they allegedly perform duties that are not clerical in nature. However, in the light of the statute and applicable case law, all of the petitioners' contentions are unavailing since the commission's decision that the elimination of transfers between the accounting and clerical services would promote administrative efficiency is not unreasonable and, hence, must be accepted as conclusive by the courts. We think exception made by the commission to the general rule in the case of persons in the attendance service and library service who would otherwise have no chance of promotion is within the permissible discretion of the rule-making body. Thus the arguments by the petitioners against the commission's decision prove only that the subject matter of the controversy involves disputed questions of fact and differences of opinion upon which the determination of the administrative agency is final.

It follows that Special Term wrongly overruled the determination of the commission. Likewise, we think the Appellate Division erred in deciding the case upon its view of the facts and in the exercise of its own discretion. (*Matter of Miller* v. *Kling,* 291 N. Y. 65, 69; *Matter of Humphrey* v. *State Ins. Fund.* 298 N. Y. 327, 331, 332.)

The orders should be reversed, the determination of the municipal civil service commission reinstated, and the petitions dismissed, with costs in all courts.

CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur; VAN VOORHIS, J., taking no part.

Ordered accordingly.