Charles J. Beckinella, J.
Petitioner in this article 78 proceeding contends that section 2569-a of the Education Law is unconstitutional and that as a consequence he is entitled to an order requiring the respondents to discontinue conducting examinations, establishing eligible lists and making appointments to regular teaching positions under the authority of this section.
*986 The latest version of section 2569-a of the Education Law became effective July 1, 1962. The section requires the board of examiners in city school districts having a population of one million or more, to conduct examinations for licenses as regular teachers ‘ ‘ which shall be open only to experienced substitute teachers ’ ’ who have met certain specific requirements set out in the statute. The examination to be given ‘1 shall be based upon an appraisal of record, classroom visits, an oral interview and physical and medical examination.” The board is to establish a passing mark and require proof of moral character and fitness as a condition precedent to the issuance of regular teachers’ licenses. Academic and professional requirements for the licenses are to be fulfilled by July 1, 1966. Lists promulgated pursuant to this section are to follow lists already in effect when they are promulgated but take precedence over subsequently promulgated lists. The section concludes with provisions for salary, pension credits and probationary periods.
The opinion of the Court of Appeals in Matter of Andresen v. Rice (277 N. Y. 271, 274) begins with this language: “ In every civil service case we must start with the provision of the State Constitution (Art. V, § 6), which cannot be repeated too often, as it is the groundwork upon which all legislation on the subject is built. It steers the course which the Legislature must follow: ‘ Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive. * * * Laws shall be made to provide for the enforcement of this section. ’ ”
Except for some changes in punctuation and a change from the plural to the singular in the word “examinations,” the constitutional provision which controls the determination of this proceeding is the same as it was when the Andresen case was decided. And now in the instant proceeding, as then in the Andresen proceeding, the question is whether the Legislature deviated from the provisions of the Constitution when it enacted the statute complained of.
Petitioner contends that section 2569-a is unconstitutional because it limits the examination ordered by the section to “ experienced substitute teachers ” who meet certain requirements. This says petitioner, makes it a “ closed examination,” ‘ ‘ a classic example of class legislation and unconscionable. ’ ’ This contention must be rejected for the reason that it has been held to be the legitimate province of the State Civil Service Department and municipal commissions to set minimum qualifi *987 cations for competitive examinations. See section 50 (subds. 2, 4, par. [a]) of the Civil Service Law, and Matter of Murray v. McNamara (303 N. Y. 140, 144) where it is stated: “It is well settled by a long line of decisions in this court that ‘ In the absence of some express limitation the action of the commission in fixing such tests must stand, unless it is so clearly irrelevant and unreasonable as to be palpably indefensible and improper. If any fair, reasonable argument may be made to sustain the action the courts should not interfere, even though they may differ from the commission as to its advisability ’ (People ex rel. Moriarty v. Creelman, 206 N. Y. 570, 576; Matter of Thomas v. Kern, 280 N. Y. 236; Matter of Strauss v. Hannig, 256 App. Div. 662, affd. 281 N. Y. 612; Matter of Laverty v. Finegan, 249 App. Div. 411, affd. 275 N. Y. 555; Matter of Cowen v. Reavy [283 N. Y. 232], supra, and cases cited therein at p. 237).” The above quotation from Matter of Murray v. McNamara was made in reference to the act of a Municipal Civil Service Commission. In the instant proceeding questions of irrelevancy and unreasonableness would appear to be of no moment. An act of the Legislature is being challenged here. The only standard against which the statute is to be measured is the Constitution. Nothing in the applicable provision of the Constitution (art. Y, § 6) can be construed as prohibiting the Legislature from enacting a law which opens a competitive examination only to “ experienced substitute teachers.” If a Municipal Civil Service Commission may set up preliminary requirements and limit examinations to persons possessing a certain educational background or type of experience, a fortiori the Legislature may do the same.
Petitioner also complains that the statute “eliminates for a special class of persons the written test ”. There is no constitutional requirement for a written test. Instead it is required by the Constitution that “ Appointments and promotions * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ’ ’. The statute must be regarded as requiring the board of examiners to conduct a competitive examination. Otherwise the inference would be that the Legislature intended to pass an unconstitutional statute. Petitioner has not alleged that the respondents are not conducting competitive examinations under the authority of section 2569-a. He seems to assume that it is impossible to conduct a competitive examination based on the factors set forth in the statute, e.g\, ‘ ‘ appraisal of record, classroom visits, an oral interview and physical and medical examinations.”
*988 In Matter of Fink v. Finegan (270 N. Y. 356, 361-362) it is stated: “ A test or examination, to be competitive, must employ an objective standard or measure. Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of the examiners and cannot be termed competitive.”
Nothing before this court suggests that the Legislature, in enacting section 2569-a, intended that the board of examiners was to depart from an objective standard or that a standard wholly subjective to the examiners was to be used. There is alleged no fact purporting to show that the board of examiners in conducting examinations held pursuant to section 2569-a is not using an objective standard.
In his brief petitioner’s attorney eloquently argues as follows : ‘ ‘ Education Law § 2569-a would require to be permanently appointed to positions in the New York City School District public teachers who have not passed, perhaps who could not have passed, perhaps who have repeatedly failed the written subject matter test historically required of all other regular teachers. It would appear that permanent teachers of English, mathematics and other subjects should be required to display some proficiency at least in the subjects they will teach— and display it in writing. The lowering of historically established standards for the benefit of a class in this manner can only serve to pollute the City’s school system with mediocrity, and the people of the City deserve and require a better, not a worse school system. Education Law § 2569-a, in this regard, is socially harmful and undesirable.”
All of these contentions may be true. Nevertheless they are arguments addressed to the wisdom of the statute, not its legality. Only the legality of the statute is before this court. “ Questions as to wisdom, need or appropriateness are for the Legislature (Olsen v. Nebraska, 313 U. S. 236, 246).” (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 541.)
The statute is not unconstitutional. Application for an order denied. The petition is dismissed.