Max Bloom, J.
Petitioners bring this article 78 proceeding to excise from the test specifications for audio-visual aid technician the requirement that an applicant lift a 25-pound dumbbell with one hand and a 20-pound dumbbell with the other, and to require respondents to certify petitioners for that position. It is contended that the weight lifting requirement is unconstitutional in that it unfairly discriminates against women.
In large part the facts are conceded. For some years both petitioners were employed as provisionals at Hunter College in the title of audio-visual aid technician. Petitioner Sontag, although employed in that title, actually performed the duties of a graphic artist, designing posters and titles for film strips, making charts, drawings, set decorations, transparencies, photographs and slides and performing other similar duties. Petitioner Stepinoff generally performed the duties of the title. However, those duties were performed in a single, specified school and did not entail substantial movement of the equipment connected with the job.
In January, 1972, the Civil Service Commission gave an examination for the position of audio-visual aid technician. In preparation for the examination, the commission, on July 26, 1971, caused a survey to be made of the tasks actually performed by such a technician. Based on the actual work observed a report was prepared as the basis for the formulation of job specifications. Inasmuch as it was contemplated that the assignment would have to be performed by a single technician at various schools, the report included, among the duties to be performed, the delivery and pick-up of equipment. The physically taxing job enumerations which were specified were: (1) lifting of projectors weighing approximately 25 lbs.; (2) carrying the projector from the storage area to a car and from the car into the school; and (3) driving a car in the performance of duties.
Predicated upon this report the job specifications included a physical test, consisting of two subtests: 11 a dumbbell lift sub-test and an agility subtest. In the dumbbell lift subtest, candi *1074 dates will be required, by sheer muscular effort, to raise a 25 pound dumbbell with one hand and then a 20 pound dumbbell with the other from a stop position at the shoulder to full arm vertical extension. In the agility subtest candidates will be required to scale a vault box 3 feet high, sprint 3 yards to a maze of obstacles and dodge through and sprint back 9 yards to the starting position within 20 seconds.”
Both petitioners took and passed the written examination. In a field of 43 candidates Stepinoff placed 11th while Sontag placed 32nd. However, both failed the dumbbell lift physical test. As a result, and in accordance with the job specifications, they were graded as failed on the entire test. It is their contention that the physical tests to which they were subjected are not job-related and, by consequence, under title VII of the Civil Bights Act of 1964 (U. S. Code, tit. 42, § 2000e et seq.) and regulations adopted by the Equal Employment Opportunity Commission pursuant thereto (35 Fed. Beg. 12333), these tests are discriminatory and violative of the equal protection clause of the Federal Constitution (Griggs v. Duke Power Co., 401 U. S. 424).
We start with the premise that any job specification which operates to exclude any segment of society and which cannot be shown to be job related is prohibited (Griggs v. Duke Power Co., supra, p. 431). It is conceded that the audio-visual equipment required to be carried by a technician weighs approximately 40 pounds. It cannot be argued, therefore, that no test of physical strength was appropriate. While there may be dispute as to the particular physical tests to which applicants might be required to submit, there can be no gainsaying the right of the Civil Service Commission to require such a test. Once the validity of the particular type of examination is established, the selection of the precise form that the test shall take is a discretionary matter. Unless such selection can be shown to be so unreasonable as to be arbitrary or capricious, this court is without power to substitute its judgment for that of the commission.
In the circumstances of this case, it cannot be said that the weight-lifting test selected by the commission was arbitrary or capricious. It was clearly related to some part of the job required to be performed. Within the meaning of the Equal Employment Opportunities Commission guidelines, it was not discriminatory, nor did it deprive petitioners of equal protection of the laws.
The application is, therefore, denied.