■ In the Matter of MARILYN SONTAG et al., Appellants, v. HARRY L. BRONSTEIN, Individually and as Director of the New York City Department of Personnel, et al., Respondents. — Judgment, Supreme Court, New York County, entered June 29, 1972, dismissing petition, affirmed, without costs and without disbursements, on the opinion of Mr. Justice Bloom at Special Term. Concur — Stevens, P. J., Markewich and Tilzer, JJ.; Kupferman and Capozzoli, JJ., dissent in the following memoranda: Capozzoli, J. (dissenting). I dissent and vote to remand for a hearing in order to ascertain exactly what duties are to be performed by the audio-visual aid technicians and the relation between those duties and the lifting of heavy weights. Kupferman, J. (dissenting). In the decades since World War II, there has been a revolution in the technology for means of communication (see Cybera, Age of Information by Joseph J. Beard, ASCAP Copyright Law Symposium No. 19 [Columbia University Press, 1971] p. 117; Rights in New Media, Symposium on Law and Contemporary Problems, Duke University School of Law, Spring 1954, p. 172). For instance, the advent of the transistor meant that there could be miniaturization of bulky equipment. However, these technological advances have not yet been communicated to the New York City Civil Service Commission. The petitioners took an examination for audio-visual aide technician. They have for several years adequately performed services in related areas and are highly regarded by their colleagues in the field of education. However, they could not "raise a 25 pound dumbbell with one hand * * * from a stop position at the shoulder to full arm vertical extension", and so failed the test.

They contend that the requirement discriminates against females, although not necessarily intentionally (cf. *State Div. of Human Rights* v. *New York City Dept. of Parks & Recreation,* 38 A D 2d 25) but it naturally has that effect. My dissent encompasses this contention, but is on broader grounds. As the affidavit of Professor Tichauer points out: "4. The one-armed lifting of a barbell from the ground to an overhead position bears no relation biomechanically to the two-armed transfer of a projector from shelf to trolley or from ground to shelf. Likewise the barbell test would be completely unrelated to the carrying of a suitcase or projector over a flat distance of ground or a stairway." Assuming there is some basis for the contention by the New York City Department of Personnel that there could be a time when a 40-pound weight would have to be carried, the test bears no reasonable relationship to the requirement. This, of course, ignores the fact that a standard 16 mm motion picture projector, which is probably the heaviest item that would be required to be moved, would not weigh that much, and even if it did, could easily be carried by a person who could not pass the test. There should be a hearing to determine whether there is a violation of section 296 of the New York State Executive Law and whether the test created an artificial, arbitrary and unnecessary barrier. (See *Griggs* v. *Duke Power Co.,* 401 U. S. 424.) They are qualifying audio-visual technicians and not weight lifters. [70 Misc 2d 1072.]