Arnold L. Fein, J.
This is an article 78 proceeding commenced by petitioner to review and annul respondent’s determination disqualifying petitioner for employment as a correction officer with the New York City Department of Correction. The disqualification was founded on the fact that petitioner was aged 35 years, 4 months and 4 days, at the time he took the Civil Service examination and that, pursuant to statute, the applicable regulations and notice of examination required that applicants be less than 32 years of age on the date of the written test.
Petitioner contends that the regulation and the relevant portion of the statutes authorizing the age classification are unconstitutional and void as violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.
Although there is a procedural question, not raised, respecting the propriety of an article 78 proceeding as a means of testing the constitutionality of a statute or regulation, the court may treat the proceeding as an action for a declaratory judgment, and determine it on the merits, where, as here, all the proper parties are before the court (CPLB. 103, subds. [b], [c]); see Matter of Overhill Bldg. Co. v. Delany, 28 N Y 2d 449; Matter of Lakeland Water Dist. v. Onondaga County Water Auth., 24 N Y 2d 400).
There is no real factual dispute. Petitioner took a written examination for the position entitled “ Correction Officer Trainee ” on December 12,1970. Petitioner’s assertion that the examination was taken on March 30,1970, appears to be erroneous. He was thereafter notified that he passed the examination. However, on February 23,1972, for the first time, petitioner was informed that because he was over 32 years of age at the time he took the examination, he would not be eligible for appointment to the position of correction officer. At the time he took the written examination he was aged 35 years, 4 months and 4 days. The notice of examination stated, under the paragraph entitled *922 “Age Requirements ”: “ applicants must be at least 21 years old but less than 32 years of age on the date of the written test.”
Petitioner alleges he should be accorded veteran’s status, as provided in the notice of examination, which stated that persons engaged in military service, as defined by section 243 of the Military Law, might deduct the length of time spent in military service, nót exceeding six years, for purposes of determining eligibility. Such benefit was denied to petitioner because his army service was not during ‘ ‘ time of war ’ ’, pursuant to section ¿5 of the Civil Service Law which provides, in pertinent part: “The term ‘ veteran ’ * * * mean[s] a member of the armed forces of the United States who served therein in time of war ”.
The legislative policy, which distinguishes between service during peace time and “time of war”> based upon risk or exposure, has recently been upheld. (Matter of Sullivan v. Hoberman, 34 A D 2d 6, affd. 28 N Y 2d 667; see, also, Matter of Rahill v. Bronstein, 40 A D 2d 636.) However, even if petitioner were credited with the time of his military service, alleged to total 1 year, 11 months and 17 days, his net age would exceed the 32 years’ limitation, set for applicants.
Accordingly, the only issue is whether such age limitation set by respondent is unconstitutional, as alleged by petitioner. Petitioner contends that the classification based solely upon age bears no reasonable relation to the purpose of the Civil Service Law and therefore violates the Fourteenth Amendment of the United States Constitution. Section 54 of the Civil Service Law, which prohibits discrimination based upon age, also provides: ‘ * Nothing herein contained, however, shall prevent the adoption of reasonable minimum or maximum age requirements for open competitive examinations for positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort, except where age limits for such positions are already prescribed by law ’ ’.
Pursuant to this provision, the adoption of reasonable standards based upon age are not arbitrary, unreasonable or capricious. (Matter of Deodati v. Kern, 280 N. Y. 366; Matter of Michner v. Kern, 281N. Y. 689; Matter of Twomey v. McNamara, 195 Misc. 285; Matter of Walden-El v. Brennan, 205 Misc. 351, afifd. 283 App. Div. 771; Matter of Hart v. Kaplan, 28 Misc 2d 122.) However, “ the discretionary powers of the * * * civil service commission cannot be carried so far as to defeat the purposes of genuine competitive civil service ”. (Matter of Ryan v. Finegan, 166 Misc. 548, 550.) The court found the *923 provision limiting applicants for the position of Clerk, Grade 2, to persons between the ages of 18 and 25 years to he arbitrary, stating (166 Misc. 548, 551): “ Assuredly the fixing of age limitations is a difficult matter. It has always been a lively topic of sociological and psychological discussion. There is no hard and fast rule that can be applied. This much must be agreed on, that the standard that is adopted must be sufficiently flexible so as not to do violence to the spirit of civil service and our conception of it ”. The court went on to point out that there was nothing in the nature of the duties to be performed by Clerks, Grade 2, which would warrant the age limitation imposed, and that other reasons for the requirement were invalid.
Petitioner has submitted affidavits of a number of physicians to the effect that chronological age is not a realistic or reliable measurement of an individual’s physical or mental capacity. However, as By cm {supra), makes clear, it is not within the province of the court to substitute its own judgment for that of the commission as to what particular age limit would be proper, where there is a reasonable basis for the limitation. This is in accord with section 54 of the Civil Service Law, authorizing reasonable age limitations for ‘ positions such as policeman, fireman, prison guard, or other positions which require extraordinary physical effort ’ ’. A correction officer would appear to fit in these categories.
The internal administration of governmental agencies and the adoption of rules governing their particular job requirements are best reserved for the body vested by law with the responsibility for performing such duties. The judicial function is exhausted when there is found to be a rational basis for the determinations of the administrative body. (See Matter of Kilgus v. Board of Estimate of City of N. Y., 308 N Y 620.)
‘ ‘ Determination of the fitness and qualification of candidates is committed by law to the commission, whose opinion concerning the proper age of applicants, unless palpably absurd or discriminatory ” should not be disturbed. (Matter of Laverty v. Finegan, 249 App. Div. 411, 412; cf Matter of Sontag v. Bronstein, 70 Misc 2d 1072, affd. 40 AD 2d 972.)
Petitioner’s claim of unconstitutionality because of alleged denial of equal protection and due process is without basis. Where a classification has a reasonable basis related to a proper purpose, it is constitutional. (Matter of Bauch v. City of New York., 21 N Y 2d 599, 607; Matter of Engelsher v. Jacobs, 5 N Y 2d 370, cert. den. 360 U. S. 902; Five Boro Elec. Contr. Assn. v. City of New York, 61 Misc 2d 1050, affd. 37 A D 2d 807.) “ It is *924 well settled that the equal protection guarantee does not prevent all legislative classification. The Legislature may create statutory distinctions, but the power cannot be exercised arbitrarily and the distinctions must have some reasonable basis. [Citing cases.] The burden of showing that it does not rest upon any reasonable basis but is essentially arbitrary, is upon the one assailing the classification”. (Park Ave. Clinical Hosp. v. Kramer, 48 Misc 2d 826, 829, mod. on other grounds 26 A D 2d 613, affd. 19 N Y 2d 958.)
The age limitation set by respondents is not palpably absurd and does not work toward the .selection of a very narrow or circumscribed class of applicants. In the light of the duties required to be performed by correction officers, there is a reasonable basis for the age limitation set, which is clearly related to the proper objective of obtaining qualified personnel. Whether the court or another administrative body might think a different age limit more appropriate is not controlling. The age grouping employed by respondents is reasonable and sufficiently broad to make available a vast pool of applicants who may upon meeting other necessary prerequisites be. selected upon the basis of the results achieved on the competitive examination.
Accordingly, the regulation upon which petitioner was disqualified is not arbitrary or capricious and the relevant provisions of sections 54, 85 and 87 of the Civil Service Law, authorizing the adoption of such regulations are constitutional.
Petitioner’s application is denied and the petition is dismissed.