Edward S. Conway, J.
This is a CPLR article 78 proceeding whereby petitioner, on his own behalf and in behalf of those similarly situated, seeks an order: (1) directing respondents to alter the qualifications of the Associate Administrative Analyst and Associate Budgeting Analyst examinations by allowing petitioner and all others similarly situated in titles within subdivision 6 of section 52 of the Civil Service Law to take said examinations; and (2) enjoining respondents from promulgating an eligible list as a result of the examinations until such time as a new examination has been ordered.
The petition indicates that petitioner, Russell J. Mills, is currently employed by the New York State Transportation Department as a Senior Training Technician, grade 18. On August 15, 1975 respondent announced "Interdepartmental Promotion Examinations” for the positions of Associate Administrative Analyst and Associate Budgeting Analyst. The examination announcement stated that individuals holding various qualifying titles would be eligible to take the examination. Petitioner applied to take the examinations and was denied permission on the ground that his current title did not qualify him to take the examinations. Petitioner appealed to the Civil Service Commission seeking to have his title included in the qualifying experience required. This appeal was denied by the respondent on September 30, 1975.
The petitioner contends that a staffing services memorandum published by the Civil Service Department on September 13, 1974 declared petitioner’s title of Senior Training Technician to be among the collateral administrative titles specified in section 52 (subd 6, par [a]) of the Civil Service Law, so that makes him eligible to participate in the examination. Further he contends that on prior occasions others with his title were allowed to take the examinations, and further that the respondents’ determination was based strictly on its own administrative convenience and was arbitrary, capricious and an abuse of discretion.
The respondents state in their opposing affidavits that petitioner’s title is not a lower grade in the direct line of either *392 Associate Administrative Analyst or Associate Budgeting Analyst and only where the Department of Civil Service determines that there may not be enough qualified candidates in the direct line promotional field will subdivision 6 of section 52 of the Civil Service Law be used to open up collateral lines of promotion, and that the Department of Civil Service is vested with the authority to determine, in its discretion, "which positions are in the collateral line of promotion to the position for which the promotion examination is to be given, and that in the instant case, the respondent established the direct line and then moved out through what it determined to be related or collateral lines until a sufficient field of candidates for the anticipated vacancies had been defined.
Subdivision 1 of section 52 of the Civil Service Law provides as follows:
"§ 52. Promotion examinations.
"1. Filling vacancies by promotion. Except as provided in section fifty-one, vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the state civil service department or municipal commission; except that where the state civil, service department or a municipal commission determines that it is impracticable or against the public interest to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion, such department or commission may extend eligibility for promotion to persons holding competitive class positions in lower grades which the department or commission determines to be in related or collateral lines of promotion, or in any comparable positions in any other unit or units of governmental service and may prescribe minimum training and experience qualifications for eligibility for such promotion.”
Subdivision 6 of section 52 of the Civil Service Law provides as follows:
"§ 52. Promotion examinations. * * *
"6. Promotion and transfer to administrative positions in the state service.
"(a) For the purpose of this subdivision, the term 'administrative positions’ shall include competitive class positions in *393 the state service in law, personnel, budgeting, methods and procedures, management, records analysis, and administrative research, as determined by the state civil service department.
"(b) Except as provided in section fifty-one, vacancies in administrative positions shall be filled, so far as practicable, by promotion as prescribed in subdivision one of this section, which may be made from among persons holding administrative positions in lower grades without regard to the specialties of their lower grade positions”.
It is clear from a reading of pertinent parts of section 52 of the Civil Service Law and the case law that the Civil Service Commission has the full power of determining the requirements of admission to a promotion examination, and the courts will not interfere with it if any fair argument can be made to sustain its action, even though they may differ from the commission as to its advisability (Matter of Wirzberger v Watson, 305 NY 507). However, in this court’s opinion, once the Civil Service Commission determines, pursuant to subdivision 1 of section 52 of the Civil Service Law, that it is impracticable or against public interest to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion, the commission must extend eligibility for promotion to persons holding competitive class positions in lower grades which the commission determines to be in related or collateral lines of promotion, and it cannot arbitrarily leave out any persons in such categories just because the commission has determined that it has reached a sufficient field of candidates. Therefore, the commission’s decision is arbitrary and contrary to the fundamental principle of the Civil Service Law, and does not, in this court’s opinion, meet the fair argument test of Matter of Wirzberger v Watson (supra).
Therefore, the application of petitioner is granted.