Frank **HARDESTY**, Darrell Merritt, Bob Martin, Isaac Tooley, Jim Hodgkins, and Willie Wells, Appellants,

v.

**OWENSBORO MUNICIPAL UTILITIES COMMISSION and Civil Service Com-mission of Owensboro, Appellees.**

Court of Appeals of Kentucky.

June 7, 1985.

Rehearing Denied Sept. 13, 1985.

Discretionary Review Denied and Opinion Ordered Published by the Supreme Court Dec. 17, 1985.

---

Larry K. Harrington, Jones, Harrington & Taylor, P.S.C., Owensboro, for appellants.

Patrick D. Pace, Rummage, Kamuf, Yewell & Pace, Owensboro, for appellee Owensboro Municipal Utilities Com'n.

Frankie Scott Hager, City Atty., Owensboro, for appellee Civil Service Com'n of Owensboro.

Before COOPER, HOWARD and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a summary judgment by the Daviess Circuit Court dismissing the appellants' complaint seeking to require the appellees to permit them to take a civil service examination for the position of "electrician" with the Owensboro Municipal Utilities.

The appellants are employees of the Owensboro Municipal Utilities. The City of Owensboro is a second-class city. The utilities posted a notice that a job opening existed for the position of electrician and that a written civil service examination for the position would be held on August 31, 1983. The notice specified that "[t]his is a closed examination for employees currently classified as Linemen." None of the appellants was classified as a lineman, yet they all attempted to take the examination and were not permitted to do so. They then began this action in the circuit court. They contended that KRS 90.320(1) and (5) require a second- or third-class municipality to open civil service promotional examinations to qualified members of the public at large, except that the city may limit examinations for certain positions to current employees, provided at least three of those employees with a minimum of two years' seniority achieve a passing grade.

KRS 90.310(4) provides that a city's civil service commission "shall make and enforce rules, not inconsistent with the provisions of KRS 90.310 to 90.410 or the ordi-

nances of the city, for examinations and registrations therefor." The trial court held that although the statutory scheme was "far from clear," this, and other relevant statutes, permitted the appointing authority and the civil service commission to set the manner of giving an examination and the minimum qualifications of those taking the exam so long as they did not act unreasonably or arbitrarily. In support of its decision, the court cited *Wirzberger v. Watson*, 305 N.Y. 507, 114 N.E.2d 15 (1953), and the text and cases found at 15 Am.Jur.2d *Civil Service* § 40 (1976) for the proposition that a civil service commission has a wide discretion in performing its duties and that "a decision fixing the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action[.]" This quotation is taken from the *Wirzberger* case in which the applicable statutes conferred upon the city's civil service commission *alone* the duty of establishing the preliminary requirements for promotional examinations, while the American Jurisprudence, Second Edition text and cases make it clear that the extent of the discretion vested in a civil service commission ultimately depends upon its statutory authority.

KRS 90.330(1) states that the civil service commission shall examine all applicants for a position "as to their physical and mental qualification." It further states that to be eligible for an examination a person must be at least eighteen and not more than forty-five years of age (*but see* KRS 344.-010 et seq.), a law-abiding citizen of sobriety and integrity, and able to read and write and understand the English language. This in effect sets basic qualifications for employment in addition to successful completion of the examination. The question is whether the municipality may establish additional qualifications with respect to such matters as education, training, or experience. As the circuit court pointed out, the statutes we are dealing with are far from clear, and none specifically answers this question.

KRS 90.350(6), however, permits a civil service commission to suspend competitive examinations altogether for those positions "where peculiar and exceptional qualifications of a particular professional or educational character are required" and the appointing authority furnishes written evidence that competitive examination has "failed to provide an eligible list." The implication of this statute is that the Legislature has recognized that the appointing authority might require that an applicant possess certain qualifications beyond those set out in KRS 90.330(1) where those qualifications bear a reasonable relationship to the applicant's ability to satisfactorily perform the job which he seeks. It stands to reason that if examinations might be done away with altogether in order to fill positions with people deemed by the appointing authority to be qualified, the local authorities could elect to conduct examinations only among those individuals who possess the necessary qualifications. In this way, the purposes of municipal civil service are surely better served than by hiring without any competitive examination at all.

■ Even if it could be shown that present service as a lineman is a reasonable qualification for filling the position of "electrician," there is no evidence that the appointing authority had established such a requirement in either its formal "job description" or "special qualifications" for the position. Under these circumstances, insofar as the civil service commission has made occupancy of the position of lineman an educational or training qualification for the position of "electrician," its action was arbitrary.

■ The appellees have contended that by city ordinance § 116.2 civil service examinations may be limited to the employees of a specified department and that "linemen" constitute such a department. Although the record indicates that "linemen" constitute a job classification rather than a department of city government within the meaning of the ordinance, there does appear to be an issue of material fact on this question.

The appellants maintain that in any event the city does not have the authority to limit an examination to the employees of a particular department. According to them, the provision of KRS 90.320(5) which permits the appointing authority to prescribe the examinations for designated positions shall first be given "exclusively to current employes" means that such examinations must be open to all current city employees. The wording of the statute appears to us to refer to the current employees of the "appointing authority" which by statutory definition means "the officer, commission, board or body having the power of appointment or removal in any office, department, commission, board or institution." KRS 90.300(1)(b). The statute thus seems to contemplate that examinations might be limited to the employees of a particular office, department, commission, board, or institution. We, therefore, conclude that KRS 90.320(5) is not intended to proscribe examinations limited to all of the employees of a department of city government.

The appellees contend that the issues in this case have become moot because examinations have been held and the position of electrician filled. We note, however, that the appellants have asked that the eligibility for future examinations not be limited as was done in this case.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent herewith.

All concur.