JAMES T. KELTY, JR., Appellant, *v.* ABRAHAM KAPLAN and Others, as Members of and Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Second Department, April 20, 1923.

Civil service — taxpayer's action to restrain holding of examination for position of assistant clerk, grade 3, of Municipal Court of City of New York — promotion may be made from one part to another part of competitive service — it is practicable within Civil Service Law, § 16, to hold promotion examination for court attendant to fill position of assistant clerk — mandamus and not taxpayer's action proper remedy against municipal civil service commission.

A court attendant of the Municipal Court of the City of New York is in the same department or institution, within the meaning of section 16 of the Civil Service Law, as a court clerk and is entitled to seek promotion to the office of assistant court clerk provided it is practicable to hold such an examination, though the position of assistant court clerk is grouped in part 5 of the competitive service, which is known as the legal service, and the position of court attendant is grouped in part 6 of the competitive service, known as the attendance service.

It is practicable within the meaning of section 16 of the Civil Service Law to hold a promotion examination for court attendants of the Municipal Court of the City of New York to fill the position of assistant clerk, grade 3, of said court, since it appears that promotions are made in other courts in the city

of New York from court attendant to assistant court clerk; that the character of the examination for attendants shows that they are expected to perform services analogous to the services performed by assistant clerks and that frequently in practice they perform the duties usually allotted to clerks.

But while the plaintiff, a court attendant, has the right to prevent the holding of a new examination for the position of assistant clerk, a taxpayer's action is not the proper remedy and he should have proceeded by mandamus to compel the municipal civil service commission to hold a promotion examination.

APPEAL by the plaintiff, James T. Kelty, Jr., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 6th day of November, 1922, denying his motion for a temporary injunction.

*John Boyle, Jr.,* for the appellant.

*William R. Wilson* [*George P. Nicholson, Corporation Counsel,* and *Charles J. Druhan* with him on the brief], for the respondents.

KELBY, J.:

This is a taxpayer's action which seeks to enjoin the defendants, as members of the municipal civil service commission of the city of New York, from holding an examination looking to the filling of the position of assistant court clerk, grade 3, of the Municipal Court of the City of New York. It is brought under section 51 of the General Municipal Law.

The plaintiff is, and for some years past has been, an attendant of the Municipal Court, in the borough of Brooklyn, and is assigned to the sixth district. The defendants, as members of the civil service commission, have caused to appear in the *City Record* an advertisement inviting citizens over the age of twenty-one years to file applications for the privilege of competing in an examination for an original appointment to the position of said assistant clerk.

The main contention of the plaintiff is that examinations should not be held for the making of an original appointment, but that there should be an examination for promotion to fill the vacancies in the office of assistant clerk, and that the only persons qualified to take such examination for promotion are existing attendants in the Municipal Courts, who are 130 in number. It also appears from the papers that 1,300 candidates have filed applications to participate in the examination advertised by the defendant commissioners.

Section 16 of the Civil Service Law, which is declarative of a similar constitutional provision (Const. art. 5, § 9), reads as follows:

" § 16. Promotion; transfer; reinstatement; reduction. Vacancies in positions in the competitive class shall be filled, *so far as*

*practicable,* by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. Promotions shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority. For the purposes of this section an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion. No promotion, transfer or reinstatement shall be made from a position in one class to a position in another class unless the same be specially authorized by the State or municipal commission, nor shall a person be promoted or transferred to a position for original entrance to which there is required by this chapter or the rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position." (See, also, Laws of 1922, chap. 131, amdg. said § 16.)

It will be noted that a similar provision in the civil service rules of the city of New York favors the filling of vacancies by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. The relator holds a position in a lower grade in the Municipal Court than that of the office of assistant clerk. The sole question is, Is it practicable to fill this particular office by a promotion examination?

The moving papers show that the position of assistant court clerk is grouped in part 5 of the competitive service, which is known as the legal service, and that the position of court attendant is classified in part 6 of the competitive service, known as the attendance service. The municipal civil service commission contends that promotions should be limited from a lower grade to a higher grade in the same part. I do not agree with this contention. A court attendant is clearly in the same department or institution, within the meaning of the act, as a court clerk, and an attendant is entitled to seek promotion to the office of assistant court clerk providing it is practicable to hold such an examination.

The defendants' affidavits show that the duties of a court attendant are to maintain order in the court room, to keep in custody persons awaiting trial, and to assist justices and clerks of the court in routine clerical work and procedure; while the duties of assistant clerk are to give information to the public, to litigants, to attorneys,

etc., concerning matters of jurisdiction, court procedure and the status of cases; to collect and account for the various fees payable to the clerk of the court; to keep the various books and records used in the court; to draw certain papers and to issue same and to receive papers filed with the clerk and keep track of them. It is also shown that candidates for the position of assistant clerk must be familiar with the rules of the Municipal Courts and of the procedure therein.

It is expressly admitted in the answer " that in the Special Sessions Court of the City of New York attendants are eligible to promotion after due examination to the position of Assistant Court Clerk and that such vacancies among the Assistant Court Clerks are filled by promotion examinations only from among such attendants." It is further admitted " that in no court in the City of New York, excepting in the Municipal Court of the City of New York, is there any excision of the attendants from promotion examinations." It is admitted, by failure to deny, that " in the Magistrate's Court of the City of New York, attendants therein are eligible for promotion, after due examination, to assistant court clerk, and that examination to fill vacancies is by promotion examination only." Denial is made of knowledge or information sufficient to form a belief that " in the City Court of the City of New York, and in the Court of General Sessions of the City of New York, and in the Surrogate's Court in the City of New York, and in the Supreme Court of the State of New York within the City of New York, attendants in such courts are eligible to promotion after due examination to the position of assistant court clerk, and that such vacancies among the assistant court clerks are filled by promotion examination only from among such attendants." As to the Supreme Court, this court can take judicial notice that vacancies in the office of assistant clerk are always filled by promotion examinations from the ranks of attendants.

The very character of the examinations that the municipal civil service commission requires applicants for appointment to the position of attendant to take and pass shows that in the opinion of the commission, not only must the attendants have a high degree of intelligence, but they would be required to perform services analogous to the services performed by assistant court clerks. At previous examinations for court attendant the following questions, among others, were asked: " Q. Where would the case on appeal from the Municipal Court be heard? Q. Where would a case on appeal from the Magistrate's Court be heard? Q. Where would a case on appeal from the Court of Special Sessions be

heard? Q. Draw a precept in a summary proceeding. Q. Draw a summons and complaint. Q. What is the jurisdiction of the Municipal Court, the Magistrate's Court, the Court of Special Sessions, the Court of General Sessions, the City Court, the Supreme Court? Q. Define felony. Q. Define misdemeanor. Q. Name five felonies and five misdemeanors. Q. Name five judges of the Supreme Court, five of the City Court and five of the Municipal Court."

Indeed, there is an allegation in the plaintiff's complaint that the attendants frequently perform the duties usually allotted to clerks; such as the preparation and issuance of summonses; the joining of issues for parties appearing in person and without attorney; taking charge, exclusively, of the summary proceeding docket; keeping a record of all matters relating to summary proceedings; taking charge of the venire of jurors; keeping a record of jurors serving in the court, and making returns as required by law to the city chamberlain and to the commissioner of jurors in the county of Kings.

In the light of the foregoing, and especially in view of the fact that the commission admits affirmatively that in no court in the city of New York, except the Municipal Court of the City of New York, is there any excision of the attendants from promotion examinations, this court must find that examinations for promotion in the Municipal Court are practicable within the meaning of the statute. On the merits of the controversy, the plaintiff should prevail.

But objection is made to the form of the remedy. As stated above, the plaintiff commenced a taxpayer's action. Such an action has been held to be an inappropriate remedy for correcting or preventing illegal action on the part of civil service commissioners. " The official acts of the commission in executing the commands of the statute are not judicial, in the technical sense; they are executive and ministerial, in their nature, and, therefore, are to be reached, when they become the subject of judicial inquiry, by way of the writ of mandamus." (*Slavin* v. *McGuire*, 205 N. Y. 84.)

The order denying the motion for a temporary injunction in this action should, therefore, be affirmed, without costs, solely on the ground that a taxpayer's action is an inappropriate remedy.

KELLY, P. J., JAYCOX, YOUNG and KAPPER, JJ., concur.

Order denying motion for temporary injunction affirmed, without costs, solely on the ground that a taxpayer's action is an inappropriate remedy.