Samuel J. Silverman, J.
Three article 78 CPLR proceedings have been brought attacking the action of the Administrative Board of the Judicial Conference of the State of New York (hereinafter Administrative Board or respondent) in directing promotion and open competitive examinations for certain positions in the unified court system in the City of New York. Although the court does not deem it advisable to consolidate the three proceedings, the court finds it convenient to discuss them together.
The examinations attacked are for the positions of Court Clerk I; Assistant Court Clerk; and Senior Court Officer.
PRELIMINARY CONSIDERATIONS
Pursuant to section 28 of article VT of the State Constitution, and section 212 of the Judiciary Law, the Administrative Board has the authority and responsibility for the administrative supervision of the unified court system, including the adoption of standards and policies of general application throughout the State relating to the appointment and promotion of employees. As such it performs the functions formerly performed by the State Civil Service Commission and the Department of Personnel in relation to the nonjudicial positions in the unified court system.
The standards and policies of the Administrative Board are required to be “ consistent with the civil service law” (Judiciary Law, § 212). This means “in accordance with” rather than “ governed ” by the Civil Service Law. (Matter of Goldstein v. Lang, 23 A D 2d 483 [1965] [dissenting opinion], revd. on dissenting opn. in App. Div. 16 N Y 2d 735 [1965].) The Administrative Board is thus bound by the general principles of civil service — examinations and tenure principally — but it has discretion to fit the particular application of these principles to the new situation which it is required to meet. (Ibid.)
The exercise of the Administrative Board’s discretion in connection with the fixing of requirements for admissions to promotion examinations — and indeed in the performance of its administrative functions generally — is not to be interfered with by the courts ‘ ‘ if any fair argument can be made to sustain its action ”; where “ the subject matter of the controversy involves disputed questions of fact and differences of opinion * * * *314 the determination of the administrative agency [thereon] is final ” (Matter of Wirzberger v. Watson, 305 N. Y. 507, 513, 514 [1953]).
On the other hand, the Administrative Board, like any administrative agency, is bound by its own rules. (See Matter of Mendelson v. Finegan, 253 App. Div. 709 [1st Dept., 1937], affd. 278 N. Y. 568 [1938].)
MATTER OX ENGLISH V. MCCOY
COURT CLERK I
Respondent has ordered a competitive promotion examination for the position of Court Clerk I (a new title) and has declared that employees holding the new titles of Administrator I, Assistant Court Clerk, Reporting Stenographer, and Senior Court Officer (or old titles corresponding thereto) shall be eligible to take that promotion examination.
In the English case, petitioners, Assistant Court Clerks, ask that eligibility to take the promotion examination be limited to them. Respondent, as well as interveners who are Administrative Assistants (old title), ask that eligibility not be so limited.
Petitioners’ chief objection is that eligibility to take the promotion examination should be limited to employees in the direct line of promotion and that they are the only ones in that direct line.
Rule 15 of the board’s Career Service Rules provides in part as follows: “ Vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department * in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the Administrative Board”.
It thus appears clear that the Administrative Board shall determine what constitutes ‘ direct line of promotion ’ ’.
Petitioners urge that the Administrative Board has determined that only Assistant Court Clerks are in direct line of promotion to Court Clerk I. They base this argument on the fact that on the ‘ ‘ Promotion Lines Chart ’ ’ of the title structure adopted by the Administrative Board of the unified court system, June 18, 1965 (p. 22), the title Assistant Court Clerk appears directly under the title Court Clerk I. But this is a mere matter of physical arrangement. Arrows, etc., sufficiently indicate that *315 Senior Court Officer and Reporting Stenographer are also in the direct line.
Nor can it be said that no fair argument can be made to sustain the Administrative Board’s determination. Petitioners’ positions are in the “ lower courts ” — below the Supreme Court. But Court Clerk I exists in the Supreme Court as well. And the Senior Court Officers, whom petitioners seek to exclude, formerly-had the exclusive right to promotion to the position of Special Assistant Deputy Clerk, now Court Clerk I (cf. Matter of Wirzberger v. Watson, 305 N. Y. 507, supra).
Petitioners argue that permitting other employees to take the promotion examination is a violation of the following provision of the Administrative Board’s rule 15: “ Limitation upon promotion. No promotion shall be made from one position or title to another position or title unless specifically authorized by the Administrative Board, nor shall a person be promoted to a position or title for which there is required, by these rules, an examination involving essential tests or qualifications different from or higher than those required for the position or title held by such person unless he has passed the examination and is eligible for appointment to such higher position or title.”
The corresponding provision of the Civil Service Law (former § 16, now § 52, subd. 8) has been held to require that the persons sought to be promoted shall have passed an open competitive examination for a lower grade ‘ ‘ in the type of work involved in the position to which it is sought to promote them ” (Matter of Murray v. McNamara, 303 N. Y. 140, 145 [1951]). Bearing in mind that all the employees declared eligible to compete in the promotion examination perform courtroom duties of an unspecialized nature in addition to their more specialized duties and that indeed the clerk, officers and stenographers work together as the courtroom team of the Judge’s assistants, the court is unable to say that — at least at this level — the admission of such persons to the promotion examination is a violation of this requirement (cf. Kelty v. Kaplan, 205 App. Div. 487 [2d Dept., 1923]).
The argument is also made that the eligibility of other than Assistant Court Clerks to the promotion examination violates section 28 of article VI of the State Constitution which requires that policies be of “ general application throughout the state ” (see, also, Judiciary Law, § 212). This argument is based on the fact that the present promotion examination applies only to courts in the City of New York. It is premature to say that the Administrative Board has adopted policies not of “ general application throughout the state there is no showing that its *316 policies in other parts of the State will be different. There is snrely no requirement that the Administrative Board shall hold only State-wide examinations.
Accordingly the court holds that the Administrative Board did not exceed its powers in admitting Senior Court Officers and Reporting Stenographers to the promotion examination for Court Clerk I. The petition in this respect must therefore be denied.
With respect to Administrator I however the situation is different.
The Promotion Lines Chart at page 22 of the Administrative Board’s title structure of June 18, 1965 does not show Administrator I as being in a direct line of promotion to Court Clerk I. Hence the inclusion of Administrator I is a violation of the Administrative Board’s rule 15 quoted above limiting promotions to lower grade positions, ‘ ‘ provided that such lower grade positions are in direct line of promotion, as determined by the Administrative Board ’ ’.
Perhaps Administrator I is in a collateral line of promotion within the meaning of the next sentence of rule 15 (pp. 30, 31): “ Where the Administrative Board determines that it is impracticable to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion, such Board may extend eligibility for promotion to persons holding competitive class positions in lower grades which the Board determines to be in related or collateral lines of promotion, and may prescribe minimum training and experience qualifications for eligibility for such promotion.”
But there is no showing that the Administrative Board has determined that such impracticability exists. The mere opening of the examination (by the notice thereof) to persons otherwise ineligible cannot be deemed such a determination or the rule would never have any effect. (Cf. Matter of Forman v. New York State Liq. Auth., 17 N Y 2d 224 [1966].)
Accordingly Administrator I must be excluded from appointment to Court Clerk I on the basis of this promotion examination.
In Matter of Forman v. New York State Liq. Auth. (17 N Y 2d 224, 228 [1966]), the Court of Appeals reversed the granting of a liquor license by the State Liquor Authority and remitted the matter to the Authority ‘ ‘ to develop a complete record * * * and to establish the basis for the Authority’s conclusion”. This suggests that if in fact the Administrative Board has made a determination of impracticability and the reasons therefor, but has not done so by formal action, it should be given an opportunity to do so. Accordingly, the decision *317 excluding Administrator I for appointment to Court Clerk I on the basis of this promotion examination shall be without prejudice to whatever application the Administrative Board may make to modify this order after an appropriate determination of impracticability.
MATTER OF DEPUTY CLERKS OF DISTRICT V. MCCOY
In this proceeding employees of the Civil Court of the City of New York who have the title “ Deputy Clerks of District of the former Municipal Court of the City of New York ” seek to annul the promotional examination for Court Clerk I in the unified court system and to require the Administrative Board to enroll petitioners in the position and grade of Court Clerk I without further examination.
Petitioners were former Deputy Clerks of District in the Municipal Court of the City of New York. The Municipal Court having been merged with the former City Court to form the present Civil Court, the old District Courts disappeared and there is thus no position in the present Civil Court precisely corresponding to the position formerly held by petitioners in the Municipal Court. The Administrative Board determined that the duties formerly performed by these Deputy Clerks of District did not in fact equate to the duties performed by the Assistant Special Deputy Clerks and Assistant Deputy Clerks of the Supreme Court or the Court of General Sessions, and that therefore they could not be evaluated as the equivalent of Court Clerk I.
The court cannot say that the determination of the Administrative Board in this respect was arbitrary, capricious, unreasonable or in bad faith. Accordingly the petition must be dismissed.
MATTER OF CONLON V. MCCOY
Two examinations are attacked in this proceeding: one for Senior Court Officers and the other for Assistant Court Clerks.
SENIOR COURT OFFICERS
The Administrative Board has ordered an open competitive examination for the position of Senior Court Officers, a grade which ranks above that of Uniformed Court Officers.
Petitioners are Uniformed Court Officers and contend that only a promotional examination should be held for Senior Court Officers. The Administrative Board, however, by the notice of examination, has opened the examination also to members of the Bar of New York State.
Rule 15 of the Administrative Board’s Career Service Rules, as previously noted, provides in part as follows: ‘ ‘ Vacancies in *318 positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the Administrative Board.”
The Promotion Lines Chart adopted by the Administrative Board as part of the title structure on June 18, 1965 (p. 22) shows Uniformed Court Officers as being in the direct line of promotion to Assistant Court Clerks.
Petitioners would thus seem to be persons holding lower grade positions in the direct line of promotion as determined by the Administrative Board.
However, in his opposing affidavit, the State Administrator stated: “ At a subsequent date, pursuant to Rule 14 of Article VII of the Rules of the Administrative'Board, the lines of promotion were modified so that the examination for the position of Senior Court Officer became an open competitive, rather than a promotional, examination. * * * After detailed discussion, it was decided that the entrance of lawyers into the career service of the judicial system had to be assured at this level. It was felt that certain of the higher positions in the court were of such a nature and responsibility that they required that the persons filling them be attorneys admitted to practice in the State of New York, and it was felt that the court had to be certain to attract attorneys into its service. Therefore, it was recommended that the promotional examination for the position of Senior Court Officer be changed to an open competitive examination by allowing attorneys admitted to practice in the State of New York to take the examination in addition to those persons to whom the examination would have been limited.”
In Matter of Cornehl v. Kern (260 App. Div. 35, 38 [1st Dept., 1940], affd. 285 N. Y. 277 [1941]), the Appellate Division in considering the similar promotion provisions of the Civil Service Law, said: “We think that the limitation in the statute as to practicability does not mean that mere convenience of the civil service commission or economy may defeat the declared policy of departmental promotions. It might well be that in a particular department, or office, there would be no eligibles for promotion to the position sought to be filled; or there might be other practical difficulties preventing the holding of departmental promotion examinations, but there is no showing of such practical difficulties under the facts in this case. In fact the respondents have not attempted to assert any such difficulties to sustain their action. They say, in effect, that they think that *319 the method they have adopted is the superior one. If such is the fact, the proper procedure (so long as we have a government of laws) is to petition the Legislature to amend section 16 of the Civil Service Law.” (See, also, Kelty v. Kaplan, 205 App. Div. 487 [2d Dept., 1923].)
In the light of this definition of practicability, it appears to me that the Administrative Board’s determination that it was desirable to assure the entrance of lawyers in the career service of the judicial system is not a determination of impracticability, but rather that it was inadvisable or undesirable to conduct a promotion examination for the position of Senior Court Officers. In adopting rule 15, the Administrative Board determined to adopt a policy of filling vacancies by promotion except where impracticability existed. This rule, therefore, determines the question of advisability or desirability in favor of promotion examinations where practicable. And so long as this rule stands, it seems to me that the Administrative Board must be bound by it.
It is true that rule 14 of the Career Service Buies provides in part as follows: “Upon the written request of an Appellate Division stating its reasons therefor, or on its own initiative, the Administrative Board may determine to conduct an open competitive examination for filling a vacancy or vacancies instead of a promotion examination.” But it appears to me that this provision must be subject to a determination of impracticability under rule 15.
Accordingly, it appears to the court that the petitioners are correct in their contention that a promotion examination should have been held for the position of Senior Court Officers.
However, if not enough Uniformed Court Officers have passed the examination to fill the vacancies for Senior Court Officers, then the remainder of the list might be used as an open competitive list. Accordingly, the court will direct that no appointment shall be made from this list to the position of Senior Court Officers except from among persons who qualified to take the examination on the basis of their service as Uniformed Court Officers, until the number of such persons eligible for appointment has been reduced below three, at which time appointments may be made from the balance of the list as an open competitive list.
ASSISTANT COURT CLERKS
In another cause of action, petitioners in the Conlon ease seek to limit eligibility for the promotion examination to Assistant Court Clerk only to those persons who have had one-year com *320 petitive experience in the position of Uniformed Court Officer and to limit appointments to such persons.
The Administrative Board has opened this examination — a promotion examination — to various other groups, including the new titles of Court Assistant, Interpreter, Principal Clerk, • Principal Stenographei’, Senior Indontification Officer and Supervising Clerk.
The argument here is that the duties and functions of Court Assistants have apparently not yet been defined; while those of the other new titles (other than Uniformed Court Officer) do not relate to or prepare the incumbent for the position of Assistant Court Clerk.
Except as to Supervising Clerk, the promotion charts adopted by the Administrative Board show that all of the persons eligible to take the examination are in the direct line of promotion to Assistant Court Clerk as determined by the Administrative Board.
The court is unable to say that the Administrative Board was arbitrary or capricious or acted in bad faith in making this determination, and accordingly the court cannot interfere with it.
In admitting certain of these titles to promotion examination, the Administrative Board could properly consider the fact that they would otherwise have no real opportunity for promotion. (Matter of Wirzberger v. Watson, 305 N. Y. 507, 514 [1953], supra.)
With respect to the title of Court Assistants, it is true that the Administrative Board has not yet determined the standards of conversion of old titles to the position, but it appears that such conversion will be made from positions having the former title of Principal Clerk, who are eligible to take the promotion examination, and therefore there is no risk of the Administrative Board’s determining who shall be eligible for the promotion examination after the board sees who passes it.
With respect to the title Supervising Clerk, it appears that this is an old title which will be converted either to Principal Clerk or to Court Assistant; in either case it is in the direct line of promotion.
Accordingly, this branch of the petition must be dismissed.

 It is not dear just what the word “ department ” means in relation to the unified judicial system; or whether that word is an inadvertent carry-over from the corresponding language of section 52 of the Civil Service Law.