The Honorable John E. Miller, Chairman Governor's Developmental Disabilities Planning Council 4815 W. Markham Little Rock, Arkansas 72205-3867
Dear Representative Miller:
This is in response to your request for an opinion on whether the Governor's Developmental Disabilities Planning Council has the authority to hire its own staff. You note that recent amendments to the Developmental Disabilities Assistance and Civil Rights Act, codified at U.S.C. Title 42 § 6000 et seq., provide that the council has authority to hire its own staff "consistent with state law." Your question is whether it is consistent with state law for the Planning Council to hire its own staff.
For the reasons that follow, it is my opinion that the phrase "consistent with state law," as used in the federal act, most likely has reference to the method of hiring the director and staff, and not to the actual authority to hire them. The federal act itself grants this authority.[1]
The creation of a "State Planning Council" is required under Title 42 U.S.C. § 6024 (a), for states which receive federal funds under that subchapter. The Planning Council is required by federal law, and is referenced in no state law in Arkansas. The actual provisions of the federal law state, as regards the hiring of a Director and staff, as follows:
 Each State Planning Council shall prepare and approve a budget using amounts paid to the State under this subchapter to fund all activities under the subchapter (except administrative costs described in section 6022(d)(1) of this title) and to hire such staff and obtain the services of such professional, technical, and clerical personnel consistent with State law as the State Planning Council determines to be necessary to carry out its functions under this subchapter.
 Each State Planning Council shall, consistent with State law, hire a Director of the State Planning Council who shall be supervised and evaluated by the State Planning Council and who shall hire and supervise the staff of the State Planning Council.
[Emphasis added.]
2 U.S.C. § 6024 (c)(1) and (2) (Supp. 1991).
In my opinion, the language of the federal legislation above grants authority to the Council to hire a Director who may then hire staff. The phrase "consistent with state law," as it appears twice in the paragraphs above, in my opinion operates to require compliance with state law in the procurement and selection process of Council employees, and does not require affirmative state legislative action in order to grant the authority to hire a director and staff. See generally, as to the interpretation of the phrase "consistent with. . . . law," United States v.City of Pittsburg, California, 467 F. Supp. 1080 (N.D. Cal. 1979), and English v. McCoy, 273 N.Y.S.2d 171, 51 Misc.2d 311
(1966) (holding that this phrase means "in accordance with," and not "governed by").
Of course, any expenditure of state funds for such a purpose must be appropriated as required by law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Of course, this does not include authority for the Planning Council itself to act as "designated agency" under federal law. This result would have to be accomplished by state legislation.See 42 U.S.C. § 6022(b)(1)(B)(i) (Supp. 1991).