Owen McGivern, J.
In this article 78 (Civ. Prac. Act) proceeding the petitioners, supervisory claim examiners, employed by the New York City Transit Authority, seek an order annulling a determination made by the respondents (Civil Service Commission) which held them (the petitioners) ineligible to compete in a promotional examination for the position of attorney.
The petitioners are all members of the Bar of the State of New York; their title prior to July 1,1956, the date of inauguration of the Career and Salary Plan, was Claim Examiner, Grade 4 (Torts).
The notice of examination recites the pertinent eligibility requirements as follows: “ (1) is permanently employed in the title of Assistant Attorney (old title Junior Counsel (Torts), Grade 3; (2)' has served as a permanent employee in such title or titles in the department for a period of not less than six consecutive months immediately preceding that date; and (3) is not otherwise ineligible.”
It is contended that this limitation of eligibility to take the promotional examination to those occupying the position of assistant attorney is in violation of the rights of the petitioners under subdivision 1 of section 16 of the former Civil Service Law which reads: “ Filling vacances by promotion. Vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the state civil service department or municipal commission ’ \
This does not aid the petitioners, for from this it appears that the respondents are specifically empowered to determine the “ direct line of promotion,” and in this instance have made *1021 just such a determination, not without apparent good cause, and avowedly in the best interests of civil service.
However, it is further contended in support of this application that the petitioners, prior to the effective date of the Career and Salary Plan, were considered in direct line of promotion and thus eligible for the position sought by them. They claim that by express provision of the enactment of the Career and Salary Plan the rights and status of any permanent employee “ shall not be adversely affected or impaired.”
In answer, the respondents show that what had been in the past the Legal Service, consisting of 20 titles, including those held by the petitioners and the one they seek an opportunity to secure, was divided into the following four occupational groups:
1. Attorneys
2. Title Examiners
3. Claim Examiners
4. Court Officers.
The reasons given by the commission for the change in eligibility requirements are similar to those given in the case of Matter of Wirzberger v. Watson (305 N. Y. 507) and there the Court of Appeals, in overruling Special Term and the Appellate Division, found them sufficient to sustain the policy of the commission. The court declared (p. 513): “ The decisional law on the problem is that the commission’s fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain this action * * even though they may differ from the commission as to its advisability. ’ ”
Under the circumstances, it appears that the commission has advanced an acceptable reason for its action and consequently the motion is reluctantly denied.