Owen McGivern, J.
In this anticle 78 proceeding, the petitioner, on his OAvn behalf and in behalf of those similarly situated, seeks an order annulling a determination made by the respondent Civil Service Commission, which held bim ineligible to compete in a promotional examination for the position of Assistant Supervisor of School Custodians, declaring the promotion examination held for said position on June 27, 1959 and any eligible list established pursuant thereto null and void.
*550 The basic attack on the respondent’s determination is that, conceding that the Municipal Civil Service Commission has the sole power to determine what position is in direct line of promotion to the vacant position in the department for which the promotion examination was being held, the commission has failed to determine such position and therefore further acts as to related or collateral ..positions are illegal, and qualification set up are arbitrary and onerous.
It appears that the petitioner is arguing under the assumption that if a direct line of promotion was determined it would of necessity be custodian-engineer which is his present title. He further assumes that as one in direct line, no additional experience qualifications could be added to the promotional requirement.
The contentions of the petitioner on this first phase of the application do not accord with the law.
On reading section 52 of the Civil 'Service Law and rule 12 of the Rules for Classified Service, the court finds no requirement to establish a direct line of promotion. Implicit in these sections is that, at times, there is no direct line of promotion, notwithstanding that there are lower grades in related lines. Besides the commission has the sole power to determine what position is in direct line. Furthermore, the assumption of the petitioner that he would not be required to have additional experience, if in the direct line position, is contrary to subdivision 2 of section 52 which states that experience may be considered in determining the relative merit and fitness for promotion (People v. Feldman, 179 App. Div. 295, affd. 221 N. Y. 655).
These holdings are further borne out by rule 12, which permits a promotion from a lower grade, even though there is no direct line, as long as it is a related or collateral line as determined by the commission.
The claim that the rights of the petitioner and others are impaired is succinctly covered in a decision relative to this point (cf. Matter of Mazzeo v. Schechter, 21 Misc 2d 1019, affd. 3 A D 2d 708).
The commission has the full power of determining the requirements of admission to a promotion examination, and the courts will not interfere with it if any fair argument can be made to sustain the action, even though they may differ from the commission as to advisability; and the commission may, in its discretion, change a promotional pattern if there is not an abuse of such discretion.
*551 The reasons given by the commission herein for its action are acceptable and do not warrant a holding that its decision is illegal, discriminatory, arbitrary or capricious (Matter of Wirzberger v. Watson, 305 N. Y. 507; Matter of Camfield v. Mealy, 288 N. Y. 149).
Therefore upon the first phase of this application, the motion is denied.
The petitioner requests, also, that the commission be directed to amend in other respects the specified qualifications of applicants for promotion and that applicants be required to have a valid stationary engineer license. For reasons set forth in the opinion on the first phase herein, this phase of the application must also be denied.
The qualification for the promotion examination is for the commission and the failure to make a license a requirement was not an abuse of discretion. The application is therefore in all respects denied, and the petition is dismissed.