William C. Hecht, Jr., J.
Petitioners seek to cancel the open competitive examination for the position of tractor operator and for an order determining that their positions and those of others similarly situated are in direct line of promotion to the position of tractor operator in the Department of Sanitation so as to justify a departmental promotion within the Department of Sanitation rather than an open competitive examination.
The gist of petitioners ’ grievance is that they have operated and maintained Diesel powered tractors and other tractor-drawn equipment as part of their duties and that these positions obviously qualified them to operate the equipment they repaired, since their duties demand that they operate the equipment.
Respondents resist petitioners’ claims, maintaining that the positions occupied by petitioners are not related to the requirements and duties for the position of tractor operator, and that the basis for the ultimate determination by the personnel director is tied up with a report submitted by the city’s chief personnel examiner, who reviewed the facts for the commission after receiving information from sources related to the questions involved.
According to respondents, the difference between the original requirements and duties of petitioners’ positions and the requirements and duties of the position of tractor operator militate against opening any promotion examination to them even on a collateral basis, in view of their background and training which are far too limited to justify competition for so important a position and one which has a starting salary far in excess of the salary of their present positions.
Respondents contend whether or not it would be feasible to hold a departmental promotion examination and to open eligibility along collateral lines if employees who seek eligibility are not in direct line of promotion is a question within the exclusive discretionary province of the commission.
Subdivision 1 of section 52 of the Civil Service Law provides in part that vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion as determined by the State Civil Service Department or Municipal Commission.
Respondents point out that in each instance direct line of promotion was for a position other than that of tractor operator, and that since any extension of eligibility along collateral *192 lines is so irrefutably within the sole discretion of the commission, and since the commission had ample and comprehensive reason for determining that the duties of the petitioners’ positions are not related to those of tractor operator, the commission’s discretion was proper and in accordance with law.
It is well established that the determination of what positions are in the ‘‘ direct line of promotion ’ ’ is one for the Civil Service Commission to make, and that the commission has a right to impose certain terms and conditions of eligibility as a prerequisite to admission to any examination.
I agree with respondents that there is nothing in petitioners ’ papers which furnishes evidence in support of any allegation that the action of the commission is improper, or that the suggestions offered by petitioners merit the substitution of their viewpoint. It is clear that no board or other ruling authority is in as good a position to evaluate the reasons for the particular procedures devised for a pending examination as the Civil Service Commission, which has before it all the facts and is cognizant of all the pertinent data.
Accordingly, the application is denied and the petition is dismissed.