Matthew M. Levy, J.
The two petitioners herein are civil service employees, with the title of Assistant Supervisor (Welfare) in the Department of Welfare of the City of New York. They seek promotion to the position of Supervisor (Welfare). The respondents — the Personnel Director of the City of New York and the City Civil Service Commission— duly scheduled an examination for such promotion. The petitioners have instituted this proceeding to cancel the notice for the examination upon the ground that it has been made available to applicants who, under the pertinent laws, are allegedly not eligible. While this proceeding is not so entitled, it is pleaded in the petition (and not disputed in the answer), that it has been instituted by the petitioners on behalf of themselves and all others similarly situated, the latter being too numerous to be joined as parties.
Promptly upon the argument of this motion, I denied the intermediate application of the petitioners for a stay of the examination pending final disposition of the proceeding. Accordingly, the examination has since been held, and the rating process is under way. There remains for determination the validity of the notice of examination in the light of the contested eligibility of the candidates authorized by the respondents to enter the competition for the promotion.
The governing statute is section 52 (subd 1) of the Civil Service Law, having to do with “ Filling vacancies by promotion ”. It provides as follows: “ Vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the state civil service department or municipal commission. Where the state civil service department or a municipal commission determines that it is impracticable to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion, such department or commission may extend eligibility for promotion to persons holding competitive class positions in lower grades which the department or commission determines to be in related or collateral lines of promotion, and may prescribe minimum training and experience qualifications for eligibility for such promotion.”
*1008 The basic documentary material is not in dispute. It appears that, prior to November 1, 1961, the respondents promulgated a notice of examination, to be held on January 27, 1962, for promotion to the title of Supervisor (Welfare). It was open to applicants, who, on the date of the examination, were permanently employed in the title of Assistant Supervisor (Welfare) for a period of not less than six consecutive months immediately preceding the date fixed for the examination. On or about January 9,1962, the respondents published an amended notice of examination for such promotion, adjourning the date thereof to March 24, 1962, and adding to those eligible to take it, employees in the titles of Social Case Worker and Assistant Supervisor (Social Case Work). The respondents also reclassified some of the categories of employees in the Department of Welfare by eliminating the titles of Family and Child Welfare Worker, Medical Social Worker (Welfare), Psychiatric Social Worker and Youth Guidance Technician, and changing them to Social Case Worker, and by eliminating the titles of Supervising Youth Guidance Technician and Senior Family and Child Welfare Worker and changing them to Assistant Supervisor (Social Case Work).
The petitioners seek an order restricting eligibility for the promotion examination to those in their own title — that of Assistant Supervisor (Welfare) — and excluding those in the other titles mentioned, contending that the Social Case Worker and Assistant Supervisor (Social Case Work), whether in the old or new titles as employees of the Department .of Welfare, are not in either the direct or collateral line of promotion to the position of Supervisor (Welfare), as required by law, and contending further that allowing these ineligibles to take the examination was a derogation of the rights of the Assistant Supervisor (Welfare), who concededly is in the direct line of promotion. The respondents maintain that the challenged applicants are in direct line of promotion, and that even if they were in the collateral line of promotion only, extending eligibility to them would be a reasonable exercise of the respondents’ exclusive discretion.
A solution of the issues requires a study of the relevant personnel set-up and duties of the several groups of civil service employees involved. The public assistance program in the City of New York is administered by the Department of Welfare under the public welfare laws, generally through centers located throughout the city. The functions performed by the department through the welfare centers are concerned with the over-all needs of individuals and families in the City of New York requiring *1009 public assistance, such, as in matters of subsistance, housing, health and employment placement. In connection with the performance of these duties of the Department of Welfare, consultations and conferences are held by the employees of the department in several categories. Among these are the following:— The Social Investigator (Welfare), who is a field worker having direct contact with the welfare client; the Assistant Supervisor (Welfare), who acts as the unit supervisor of the welfare center; and the Supervisor (Welfare), who supervises the work of four or five Assistant Supervisors (Welfare) and who co-ordinates the work of each unit with that of the specialist or consultant services. Among these are the areas of Social Case Work, Medical Social Work, Psychiatric Social Work, Youth Guidance, Senior Family and Child Welfare, Home Economics and other specialized fields.
The civil service employees in all of these areas handle different aspects of public assistance cases, and, doubtless, the education, training or experience in one field does not necessarily warrant an assumption of competence in another. But their work is closely interrelated, and the employees in all of these categories perform duties involved in establishing or continuing eligibility for, and the providing of, assistance, care and service to the clients of the Department of Welfare. All may contribute to the total handling of a given case, and the decision in any case is made by the Supervisor (Welfare). Indeed, it is not always that all Assistant Supervisors (Welfare), such as the petitioners, handle identical assignments. Some are assigned to duties in bureaus of the department other than the Bureau of Public Assistance, and they perform duties which differ somewhat from those performed by Assistant Supervisors (Welfare) in the welfare centers, although such service is closely related to the public assistance programs. If successful in their work, they may be assigned to supervise case units in the welfare centers. The Assistant Supervisors (Social Case Work) are in the same position, in this regard, as those Assistant Supervisors (Welfare) who have special assignments other than in welfare centers. The Social Case Worker and Assistant Supervisor (Social Case Work) handle special social case work problems which occur in the public assistance cases, and for which they are especially equipped by virtue of special professional training and experience. The problems of the Social Case Worker and the Assistant Supervisor (Social Case Work) entail intensive social case work, including medical social work and psychiatric social work services.
*1010 The titles Social Case Worker and Assistant Supervisor (Social Case Work) were established in the Social Service Occupation Group by resolution of the City Civil Service Commission effective January 1, 1961. Persons permanently employed in the titles Family and Child Welfare Worker, Medical Social Worker (Welfare), Psychiatric Social Worker and Youth Guidance Technician, were reclassified in the title Social Case Worker. Persons employed in the titles Supervising Youth Guidance Technician and Senior Family and Child Welfare Worker were reclassified in the title Assistant Supervisor (Social Case Work). Also involved are several persons appointed directly as Social Case Workers or Assistant Supervisors (Social Case Work) subsequent to the reclassifications above described.
Those Assistant Supervisors (Welfare) whose work was not in welfare centers were always eligible to take tests for promotion to Supervisor (Welfare), and it is my view that, unless statute, regulation or authoritative precedent forbids it, the respondents have acted within the appropriate sphere of their responsibilities to the public, the department and the employees thereof in extending to the Social Case Worker and the Assistant Supervisor (Social Case Work) in the old and new categories the right to compete for promotion to Supervisor (Welfare) — provided they are otherwise eligible, and that is not in issue here in any respect.
I have been cited no such negative mandate; nor have I been able to find any. The petitioners rely most strongly upon Matter of Weber v. Lang (13 A D 2d 345, affd. 11 N Y 2d 997). The case is not in point. There it was held that, after the completion of the original reclassification of incumbents holding the position of Personnel Examiner, the city could not increase their responsibilities and salaries under the guise of a further reclassification, because the grant of such greater responsibilities and salaries would be tantamount to promotions without examination, and would therefore be violative of the constitutional provision (art. Y, § 6), requiring promotion examinations whenever practicable. That is not. the present situation. Here, the petitioners seek to deprive employees in the same department of the opportunity of taking a promotion examination, which— for all that appears on this submission — is designed to test the merit and fitness of qualified candidates.
Eligibility for promotion examination to Supervisor (Welfare) has not heretofore been confined to employees in the title of Assistant Supervisor (Welfare). For example, in 1952, eligibility for promotion to Supervisor was open to per *1011 manently employed employees in the title of Assistant Supervisor, Medical Social Worker, Grade 2, or of Home Economist. Similarly, such eligibility need not now be so confined. Under the express provisions of subdivision 1 of section 52 of the Civil Service Law, the City Civil Service Commission has the right to open eligibility collaterally, where it is impracticable to limit promotion to those in direct line, and the determination of what positions are in the direct or collateral lines of promotion is one for the commission to make (Matter of Fox v. Schechter, 144 N. Y. S. 2d 261; Matter of Mazzeo v. Schechter, 21 Misc 2d 1019, affd, 3 A D 2d 708, motion for leave to appeal or reargue denied 3 A D 2d 833).
The 44 commission’s fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action, ‘ # * * even though they may differ from the commission as to its advisability’” (Matter of Wirzberger v. Watson, 305 N. Y. 507, 513). I do not mean to imply that I do differ. The organizational structure of social welfare in this vast city has the single responsibility of administering to the financially needy, medically ill, and socially handicapped. The duties of the various categories involved in this proceeding are so broad and so intertwined as to make unrealistic any effort to draw artificial lines of demarcation between them.
4 4 It is well established that the determination of what positions are in the 4 direct line of promotion ’ is one for the Civil Service Commission to make ” (Matter of Chapin v. Schechter, 23 Misc 2d 190,192, affd. 13 A D 2d 473; Matter of Jacob v. Schechter, 22 Misc 2d 549). But, assuming that the added positions cannot be deemed in such direct line, I am of the opinion that it has not been shown by the petitioners that these categories are not within the 44 related or collateral lines of promotion ” within the meaning of section 52 (subd. 1) of the Civil Service Law.
The petitioners argue that there has been no 44 determination ” by the commission 44 that it is impracticable to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion ”, as required by the cited statute and therefore the 4 4 commission may [not] extend eligibility for promotion to persons holding competitive class positions in lower grades which the department or commission determines to be in related or collateral lines of promotion”, as permitted by the statute. In presenting this contention, the petitioners wholly ignore what they themselves have argued. Moreover, it is clearly implicit in what the Civil Service Commission has done — at the request of the Commissioner of Welfare — that there has been such *1012 determination. I hold that it is not necessary that the commission recite in haec verba that it has so determined (cf. Matter of Kimmel v. Herman, 34 Misc 2d 640, 644).
Consequently, I conclude that — whether the challenged applicants are in direct line of promotion or whether their related or collateral proximity merits eligibility — the determinations by the respondents have not been shown to be illegal, discriminatory, arbitrary or capricious a required finding by me in order to upset them (Matter of Davis v. Hults, 24 Misc 2d 954, 957; Matter of Everly v. Weaver, 7 Misc 2d 965, 976-977 and cases cited therein), but indeed are reasonable and valid and in accordance with law. Accordingly, the application is denied and the petition is dismissed.