John H. Pennock, J.
This is a proceeding instituted under article 78 CPLR, on behalf of a group of employees in the Division of Employment, Department of Labor of the State of New York, holding managerial title and positions therein. The petitioners are seeking to annul the determination of the State Civil Service Commission and the Department of Civil Service of the State of New York to allow other employees in the Divi *857 sion of Employment, holding other alleged nonmanagerial positions in lower salary brackets than those held by the petitioners, to compete with the petitioners for the positions higher in title, salary and responsibility.
Another group of employees make a motion for an order of intervention. These intervenors have a definite interest in the litigation as they are incumbents of lower grade positions who will be adversely affected if the petitioners succeed in the primary proceeding and shall be bound by the judgment. (CPLR 1012.) The court determines that an order of intervention is granted and shall consider their petition in its review.
It is the contention of the petitioners that the positions they hold are the only ones which are in direct line of promotion with respect to the higher titles for which examinations have been held. Petitioners claim that the Civil Service Commission has violated the Civil Service Law in expanding the field of eligibles to others not in direct line of promotion. (Civil Service Law, § 52, subd. 1.) The main crux of the petitioners’ case is that the Commission of Civil Service was arbitrary and capricious in opening the field for competitive promotion examinations to the positions of Assistant Employment Security Superintendent (G-23) and Associate Employment Manager (G-23) to include titles which the petitioners claim have no managerial functions or duties, and thus the commission had enlarged the field of competition for promotion in violation of the Civil Service Law. The commission failed to confine the eligibility for the promotion examination to incumbents of the Associate Employment Services Representative (G-21) and three other titles under the same grouping class. The petitioners aver that certain of the petitioners themselves are incumbents of positions of Employment Manager, Employment Security Manager and Unemployment Insurance Manager each at Grade G-19 and claim that they are the only positions in the Division of Employment which are in direct line of promotion to the higher positions in the said Division. When the original notices of examination were posted the petitioners appealed to the commission requesting that certain titles be eliminated from the promotion field, and the commission eliminated the positions of Senior Budget Analyst, Senior Personnel Administrator and Senior Administrative Analyst from the field, but did not eliminate some of eligible titles of which the petitioners now complain.
The petitioners claim that the commission’s action was in violation of section 6 of article V of the Constitution of the State of New York, and subdivision 1 of section 52 of the Civil Service Law of the State of New York.
*858 The petitioners claim that there exists an adequate pool of candidates eligible for the positions of Grade 21 and Grade 23 in the .respective titles. They further claim that the commission has expanded the field of promotion to lower grade positions which are not in a direct line of promotion, and that the present incumbents of the positions have little or no supervisory, managerial or administrative experience and lack the minimum training and experience qualifications for eligibility for promotion to such higher administrative, managerial and supervisory positions. They further claim that to permit such action on the part of the commission would permit subordinates to skip and pass over their superiors. (The latter argument being of no substance.)
The respondents urge that: ‘ ‘ There is and will continue to be a trend throughout the State service toward broadening fields of promotion. The broadening of a promotion field tends to assure that the best qualified employees are selected for advancement. It also has the effect of opening up promotion opportunities to employees who might find themselves in deadend positions or who would have to wait an undue length of time for a promotion opportunity. A narrow, rigid and slow step-by-step promotion system has a stifling effect on the service, and discourages able young people from entering and continuing in the public service.” It goes on to allege in its answer that, “We are advised and do believe, that there are many employees in titles below the immediate next lower levels to which petitioners seek to limit the competition who have demonstrated superior ability and managerial potential. Employees in the lower grade titles to which the promotion examinations in question are open, have been performing duties and gaining experience which relate to and tend to prepare them for the higher level positions for which these examinations are being held ’ ’.
In conclusion it avers, “ For the above general reasons, the respondents believe that the opening of competition in these examinations will serve the best interest of the State service and the employees as well ”. It is apparent that the commission has failed to follow the provisions of subdivision 1 of section 52 of the Civil Service Law.
There is nothing before the court to sustain the position of the commission that it is impracticable to limit eligibility, such as insufficient candidates. The fact that some employees in lower grades shall be stalemated is no reasonable reason for variance from the rule, as the same argument can be made for the petitioners that they may well be ‘ ‘ stalemated.
*859 The mere fact that the lower grade duties hear a close relationship to the promotion positions is not sufficient. A clerk in the Division of Employment may have duties which are similar to a manager, but a scintilla of similarity does not qualify the incumbent to jump several grades and qualify for a promotional examination.
A review of the duties of the various positions shows a scintilla of similarity, but this can hardly be sufficient. The respondent has classified these positions into different titles and grades. Now it desires to circumvent its own findings in that regard. If the duties and responsibilities are so dissimilar as to require different titles and grades, then how could a reasonable person, who has passed on the classification, now claim that the relationship of the lower grades and titles are so close to the higher grade that no distinction should be made on the promotional examination eligibility. The commission’s conelusory statements of the trends and the good of the service do not move this court.
It is true that subdivision 1 of section 52 does not define the primary field of competitions in terms of the next lower grade. But the Legislature’s language limits the field: “ such lower grade positions are in direct line of promotion * * *. Where the state civil service department * * * determines that it is impracticable to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion * * * commission may extend eligibility for promotion to persons holding competitive class positions in lower grades”. The only fair interpretation of this law is that the next lower grade is the limitation unless the commission finds that it is impracticable. It is an arbitrary action to qualify lower grades without reason which is in keeping with the law. In both Matter of Chapin v. Schechter (23 Misc 2d 190, affd. 13 A D 2d 473) and Matter of Wirzberger v. Watson (305 N. Y. 507) the courts refused to expand the fields of competition beyond titles in direct line of promotion.
The petitioners are entitled to an order which declares the action of the commission as illegal and contrary to law, and a final order shall be entered granting the relief prayed for and the matter is referred back to the respondents for appropriate action.