George Postel, J.
This article 78 CPLE proceeding seeks to annul and set aside the determinations of the Civil Service Department and the Civil Service Commission in setting eligibility requirements for three specified civil service examinations (Sr. Unemployment Insurance Investigator, Associate Unemployment Insurance Investigator, and Asst. Chief Unemployment Insurance Investigator).
The Department of Civil Service on April 1, 1966 issued an announcement for four examinations, three of which were promotional in nature and are challenged herein. The announcement stated that persons holding 14 various civil service titles would be eligible to take certain of the examinations. Among the petitioners are a group of Unemployment Insurance Tax Auditors, who were excluded from the examinations, in that the titles they occupy are not among the 14 qualifying titles. These petitioners seek to participate in the challenged examinations herein due to the fact that by assignment they perform investigative work and by reason of their training and experience should be included for promotion to investigative positions.
All petitioners contend that certain persons in the qualifying titles do not have the proper prior investigative skills and experience to qualify as eligible to take the disputed examinations.
The Civil Service Department consulted with the Department of Labor, Division of Employment, prior to making the determinations complained of herein; and, after the determinations had been made, the Division of Employment changed its position and asked that the determinations be modified. The Civil Service Commission affirmed the determinations of the Department of Civil Service and rejected the suggested modifications. However, all petitioners and all incumbents of the 14 qualifying titles have been permitted to take the disputed examinations, *1037 by order of this court, conditioned upon the disposition of this proceeding.
From the answering papers, the respondents demonstrate conclusively that all persons holding the 14 qualifying titles are fully qualified to take the disputed examinations. They are in direct, related or collateral lines of promotion. All of the qualifying titles require competence in investigative work.
The statute which governs promotional examinations, subdivision 1 of section 52 of the Civil Service Law provides in pertinent part: ‘ ‘ 1. Filling vacancies by promotion. Vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade promotions are in direct line of promotion, as determined by the state civil service department or municipal commission.”
Nothing can be adduced from the papers submitted herein that the respondents acted in an arbitrary, capricious and unreasonable manner in allowing all incumbents of the 14 qualifying titles to be eligible to take the disputed promotional examinations. Petitioners contend Matter of Valdes v. Krone (50 Misc 2d 856) supports their position in the instant proceeding. That case is distinguishable factually from the proceeding at bar and is not controlling as to whether the Civil Services Commission violated subdivision 1 of section 52 of the Civil Service Law with respect to the eligibility requirements of the disputed promotional examinations herein.
With respect to the branch of this proceeding which seeks to include some of the petitioners who are Unemployment Tax Auditors as eligible to take the disputed promotional examinations, the court held in Matter of Wirzberger v. Watson (305 N. Y. 507, 513) that “ The decisional law on the problem is that the commission’s fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action, ‘ * * * even though they may differ from the commission as to its availability’ ”. The court further held that the separation of the lines of promotion was within the commission’s discretion and that the commission’s determination in opening the examination to persons who would otherwise have no chance of promotion was also within the commission’s permissible discretion. In the instant proceeding, petitioners who are Unemployment Insurance Tax Auditors enjoy the right to take promotional examinations within their own line of promotion, which is closed to some of the persons holding the 14 qualifying *1038 titles involved herein. The assignment of these petitioners to perform investigative work was not within the scope of their Unemployment Insurance Tax Auditor titles. In Matter of Goldhirsch v. Krone (18 N Y 2d 178) the court held, even though the petitioners may have performed specialized duties which were similar to those of the reclassified positions, they were actually performing “ out-of-title ” work and dismissed the petitions. In Matter of Giorgio v. Lang (37 Misc 2d 1006, affd. 18 A D 2d 968) the court stated (p. 1011): “ ‘ It is well established that the determination of what positions are in the ‘direct line of promotion ” is one for the Civil Service Commission to make’.” “ The Commission has the full power of determining the requirements of admission to a promotion examination, and the courts will not interfere with it if any fair argument can be made to sustain the action, even though they may differ from the commission as to advisability; and the commission may, in its discretion, change a promotional pattern if there is not an abuse of such discretion.” (Matter of Jacob v. Schechter, 22 Misc 2d 549, 550.)
From the papers submitted herein and taking cognizance of Matter of Valdes v. Krone (supra), no showing is made that respondents acted in an arbitrary, unreasonable and capricious manner in setting eligibility requirements for the disputed promotional examinations herein which excluded some of the petitioners in this proceeding in that the titles they occupy are not among the 14 qualifying titles.
Accordingly, this application is denied and the petition dismissed.