■ In the Matter of WILLIAM J. WALTERS, and All Others Similarly Situated, Appellants, v JOHN V. CLARK, as Commissioner of Personnel of the County of Erie, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioners appeal from a denial of the application in an article 78 proceeding to annul respondent commissioner's determination that desk lieutenants are eligible for a competitive promotional examination for the position of police captain. They seek to revoke certain appointments of individual respondents made from the eligibility list resulting from such examination, and to restrict such eligibility list to qualifying police lieutenants only. The basis of petitioners' claim is that the commissioner acted in an arbitrary, capricious and illegal manner in declaring desk lieutenants eligible for the examination. Subdivision 1 of section 52 of the Civil Service Law provides in relevant part that: "vacancies in positions in

the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the * * * municipal commission; except that where the * * * municipal commission determines that it is impracticable or against the public interest to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion, such * * * commission may extend eligibility for promotion to persons holding competitive class position in lower grades which the * * * commission determines to be in related or collateral lines of promotion". Thus, in establishing eligibility for a promotional examination, the municipal commission has authority to determine which lower grade positions are "in direct line of promotion" and, in certain instances, to determine which lower grade positions are in "related or collateral lines of promotion". In general, this statute and its historical predecessors have been construed to accord broad discretion to the local commission in making such eligibility determinations. In *Matter of Wirzberger v Watson* (305 NY 507) the standard of judicial review was expressed as follows (p 513): "The decisional law on the problem is that the commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action, ' * * * even though they may differ from the commission as to its advisability'. [Citations omitted.]" (See, also, *Matter of Cave v Krone,* 51 Misc 2d 1035; *Matter of Chapin v Schechter,* 23 Misc 2d 190, affd 13 AD2d 473; *Matter of Mazzeo v Schechter,* 21 Misc 2d 1019, affd 3 AD2d 708.) Under this standard respondent commissioner could reasonably determine that a desk lieutenant was "in direct line of promotion" to police captaincy within authority accorded under subdivision 1 of section 52 of the Civil Service Law. In *Matter of Valdes v Krone* (28 AD2d 748) the statutory phrase "in direct line of promotion" was construed to require that the eligible positions be "of the same type, in the same department, subdivision, category, etc." as the higher vacant position (accord *Matter of Conlon v McCoy,* 22 NY2d 356; *Matter of Giorgio v Lang,* 37 Misc 2d 1006, affd 18 AD2d 968; *Matter of Fox v Schechter,* 144 NYS2d 261). Applying this statutory construction to the present case, Special Term properly upheld the commissioner's determination. Petitioners have failed to show that a desk lieutenant is in a lower grade position not in direct line of promotion to police captain. The 1973 organizational flow chart of the department depicts that a desk lieutenant is in the direct chain of command under one police captain with police lieutenants being directly under respective bureau captains, thereby indicating that both desk lieutenants and police lieutenants fall within the direct line of promotion to a police captain's position. In addition, the recruiting requirements, knowledge, skills, and ability for the positions of police lieutenant and desk lieutenants, with varying degree of emphasis on particular skills, are relatively comparable; the specialized skills acquired in these respective positions in turn contribute to the combined experiential skills required of a police captain. Respondent commissioner's determination that desk lieutenants are in a direct line of promotion and eligible for the examination is supported by these "fair arguments", and justifies Special Term's dismissal of the petition. (Appeal from judgment of Erie Supreme Court—article 78 proceeding.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.