■ JOHN MARINO et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v HERBERT B. EVANS, as Chief Administrator of the Courts, Office of Court Administration, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to prohibit respondents from offering a promotion examination for the title of senior court clerk to any persons but petitioners and those similarly situated, and to further prohibit respondents from expanding the promotion unit from Nassau County alone to the Tenth Judicial District, petitioners appeal from a judgment of the Supreme Court, Nassau County (Young, J.), dated August 4, 1980, which denied the application and dismissed the petition. Judgment affirmed without costs or disbursements. Respondents are allowed great discretion in their determination with respect to promotional qualifications, and if any "fair argument" can be made in support of the determination, the courts may not interfere, even if they disagree (see *Matter of Wirzberger v Watson,* 305 NY 507; *Matter of Canava v Keyes,* 62 AD2d 997). Here, respondents determined that the position of senior court clerk is not so technical as to require that those titles considered to be in the "direct line of promotion" be limited to petitioners and those similarly

situated, and that expansion of eligibility would allow more meaningful opportunities generally for career advancement. Petitioners are not protected against changes in promotional eligibility requirements (see *Matter of Pon v McCoy*, 30 NY2d 902). Neither can it be said that the determination to change the promotional unit from Nassau County alone to the Tenth Judicial District, thereby including Suffolk County, was arbitrary or unreasonable. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.