■ In the Matter of MICHAEL J. KAMENSKY, Appellant, v HARTLEY W. BARCLAY, as Personnel Officer of the County of Westchester, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Personnel Officer of the County of Westchester, dated June 11, 1985, which disqualified the petitioner from taking a civil service promotional examination for the position of police sergeant in towns, villages, special districts and the Cities of Rye and Peekskill in Westchester County, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Daronco, J.), dated December 3, 1985, which denied the petition and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, a police officer for the Town of Harrison, applied to take the examination for the position of police sergeant pursuant to a notice issued by the respondent Westchester County Personnel Office. Candidates for this position were required to possess a minimum of 48 months of continuous permanent competitive class status as a police officer in a town or village, special district, or in the Cities of Rye or Peekskill, in order to qualify. A second notice for an examination for the position of police sergeant with the County's Department of Public Safety Services required 36 months of experience as a police officer to qualify for the position. Candidates under each notice took the same examination.

The petitioner argues that the work of a sergeant both in a local police department and in the county police department are identical. Therefore, there was no legitimate purpose in maintaining two different standards of experience in order for a police officer to qualify to take the promotional examination in each department.

The standards of the County Department of Public Safety Services for promotion to sergeant were established by the county in the exercise of its authority to set minimum requirements. In the case of police departments of towns and villages, special districts, and the Cities of Rye and Peekskill, the Legislature, by special enactment, imposed the minimum standards for promotion to sergeant. In setting the standards, the County Personnel Officer followed what had been set down by the Legislature *(see,* L 1936, ch 104, as amended by L 1941, ch 812, as amended by L 1948, ch 405). A statute is presumed to be constitutional, and " '[o]ne who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary' " *(Poggi v City of New York,* 109 AD2d 265, 273, *affd* 67 NY2d 794, quoting from *Lindsley v Natural Carbonic Gas Co.,* 220 US 61, 78-79). At bar, the respondents acted pursuant to the statutory provisions; therefore, it may not be said that they acted in an arbitrary and capricious manner *(see, Matter of Tolub v Evans,* 58 NY2d 1, 7, *appeal dismissed* 460 US 1076). The record before this court fails to demonstrate that the classification employed by the respondents rests on grounds wholly irrelevant to the achievement of the State's objective *(see, McGowan v Maryland,* 366 US 420, 425).

There was nothing improper in using the same civil service

examination for the two separate positions. The fixing of minimum requirements for admission to an examination will not be interfered with by the courts if any fair argument may be made to sustain the procedure, even though the court may differ as to its advisability (see, *Matter of Canava v Keyes,* 62 AD2d 997).

The petitioner further argues that the 2½-month period during which he attended the police recruit school while employed as a Deputy Sheriff, and prior to being employed as a police officer by the Town of Harrison, should have been added to his time of service. This time does not count toward the total time required to qualify to take the sergeant's examination. The notice explicitly stated that each applicant must be a continuous member of a competitive class of the local police force as an officer for 48 months.

There is no merit to the petitioner's argument that the granting of a 30-day grace period to the petitioner demonstrated that there was no definite policy regarding the period of continuous service for eligibility. This grace period was granted pursuant to a practice established by the New York State Civil Service Commission, the purpose of which was to afford applicants time to determine whether they met the eligibility requirements for a particular position.

The petitioner has failed to overcome the strong presumption of constitutionality of the statute governing which applicants were eligible to take the examination for police sergeant.

Since we are affirming the judgment appealed from, the issue of whether the petitioner is entitled to counsel fees is not being considered. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.