■ In the Matter of VINCENT QUIGLEY et al., Respondents, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Appellants. —In a proceeding pursuant to CPLR article 78 which was converted to an action, inter alia, for a judgment declaring the rights and duties of the parties with respect to a list of candidates eligible for promotion from the Nassau County Civil Service Commission police sergeant examination number 8251P, the defendants appeal from an order of the Supreme Court, Nassau County (DiPaola, J.), entered December 21, 1987, which denied their motion for summary judgment and dismissed their affirmative defenses.

Ordered that the order is affirmed, with costs.

The plaintiffs are 17 police officers who passed a Nassau County police department promotional examination for sergeant but were considered ineligible for promotion because they did not meet the minimum experience qualification established by the Nassau County Civil Service Commission (hereinafter the Commission). The examination announcement stated that, in order to be promoted to the position of sergeant, the candidate must have four years of "permanent" service as a police officer. In calculating the period of permanent service, the Commission excluded the one-year probationary period. The plaintiffs commenced a proceeding pursuant to CPLR article 78, inter alia, to review the Commission's determination.

The Commission initially moved to dismiss the proceeding on the ground that the petition failed to state a cause of action. In an order dated September 4, 1987, the court determined that there were issues of fact as to whether the Commission acted arbitrarily in excluding the one-year probationary period. The court found that the record indicated that the probationary year was included for other purposes, such as salary increments, and was included for the purpose of promotion in village and police districts in the county. The court concluded that the rationale presented by the Commission, which consisted of a statement by the executive director that this policy had been in effect for 20 years, was insufficient to warrant dismissal of the complaint. The proceeding was converted to a declaratory judgment action.

The Commission did not appeal from this order but subse-

quently moved for summary judgment on the ground that the action was time barred by the applicable Statute of Limitations. The arguments set forth in the previous motion to dismiss were incorporated by reference. In the order appealed from, the motion was denied. In addition, the court, relying on the previous order dated September 4, 1987, dismissed the Commission's affirmative defenses which alleged that the complaint failed to state a cause of action.

On appeal, the Commission contends that the court erred in denying the motion for summary judgment because, as a matter of law, the Commission acted reasonably in interpreting "permanent" service as excluding the one-year probationary period. Initially, we reject the contention of the plaintiffs that this argument cannot be raised on an appeal because it was not raised in the Supreme Court, Nassau County. In dismissing the Commission's affirmative defenses, the court relied on its earlier order dated September 4, 1987, which held that there were questions of fact as to whether it was arbitrary to exclude the probationary period. Furthermore, this court has the same authority as the Supreme Court, Nassau County, to search the record on a motion for summary judgment (cf., Merritt Hill Vineyards v Windy Hgts.. Vineyard, 61 NY2d 106).

Generally courts should not interfere with the minimum qualifications for promotion established by a civil service commission if any fair argument can be made to support the determination (see, e.g., Matter of Kamensky v Barclay, 123 AD2d 694; Marino v Evans, 87 AD2d 623; Matter of Canava v Keyes, 62 AD2d 997). Nevertheless, we find that the allegations of the plaintiffs present factual issues which cannot be resolved on this record and accordingly affirm the denial of the Commission's motion for summary judgment.

The Commission also contends that the action should be dismissed due to the failure to join, as necessary parties, those police officers who have already been promoted to sergeant from the same list of candidates. We decline to reach this contention since it is being raised for the first time on appeal (see, Fresh Pond Rd. Assocs. v Estate of Schacht, 120 AD2d 561). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.