■ In the Matter of JAMES CAHILL, Appellant, v J. EMMET CASEY, as Personnel Officer of the County of Westchester, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Personnel Office, dated July 18, 1988, which expanded the field of persons eligible to take the civil service promotional examination for the position of police lieutenant in the Village of Port Chester, the petitioner appeals from a judgment

of the Supreme Court, Westchester County (West, J.), entered October 20, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

By posted notice dated July 18, 1988, the Westchester County Personnel Office listed various police departments whose members would be eligible to take part in an upcoming promotion examination for police lieutenant. For 10 of the 11 departments listed, the qualifying experience necessary to sit for the examination was, "[i]mmediately preceding the time of examination, must have 12 months of permanent competitive class status as a Sergeant in the appointing jurisdiction". For the remaining department, the Village of Port Chester, the qualifying experience was listed as "immediately preceding the time of examination, must have 12 months of permanent competitive class status as a Sergeant or 60 months of permanent competitive class status as a Police Officer". The petitioner claims that the Westchester County Personnel Office acted in an arbitrary, capricious, and illegal manner in declaring that ordinary patrolmen with 60 months experience were eligible to sit for the police lieutenant's promotion examination in the Village of Port Chester. The petitioner sought to restrict such eligibility to officers with 12 months of permanent competitive class status as a sergeant.

Civil Service Law § 52 (1) provides in relevant part that "vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the state civil service department or municipal commission". "It is well established that the determination of what positions are in the 'direct line of promotion' is one for the Civil Service Commission to make, and that the commission has a right to impose certain terms and conditions of eligibility as a prerequisite to admission to any examination" (*Matter of Chapin v Schechter,* 23 Misc 2d 190, 192, *affd* 13 AD2d 473). We decline to interfere with the Personnel Office's exercise of broad discretion in determining that patrolmen with 60 months experience were in the direct line of promotion and, therefore, eligible to sit for the lieutenant's examination.

Additionally, courts should not interfere with the minimum qualifications for promotion established by a civil service commission if any fair argument can be made to support the

determination. This rule applies even though a court may disagree as to the advisability of the determination setting the minimum qualifications for promotion *(see, Matter of Quigley v Nassau County Civ. Serv. Commn.,* 153 AD2d 892; *Matter of Kamensky v Barclay,* 123 AD2d 694; *Matter of Wirzberger v Watson,* 305 NY 507). Here, it was determined that an examination limited to sergeants with 12 months experience was almost certain to generate an inadequate list since the Village of Port Chester could have had the need for as many as six appointments in the ensuing year. Thompson, J. P., Sullivan, O'Brien and Ritter, JJ., concur.