■ In the Matter of KEITH HEDEMAN et al., Appellants, v COUNTY OF DUTCHESS et al., Respondents. [650 NYS2d 783] —In a proceeding pursuant to CPLR article 78 to review a determina-

tion of the respondent Dutchess County Personnel Department, dated January 7, 1995, which disqualified the petitioners from taking a civil service promotional examination for the position of Junior Civil Engineer, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered June 9, 1995, which denied the petition and dismissed the proceeding. Justice O'Brien has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

The respondents are allowed great discretion in their determination with respect to promotional qualifications, and if any "fair argument" can be made in support of the determination, the courts may not interfere, even if they disagree *(Matter of Cahill v Casey,* 180 AD2d 680; *see, Matter of Quigley v Nassau County Civ. Serv. Commn.,* 153 AD2d 892; *Matter of Kamensky v Barclay,* 123 AD2d 694). Here, the respondents determined that a high school education did not provide the training and education necessary to perform the advanced tasks of the position for Junior Civil Engineer. It cannot be said that the determination to change the promotional qualifications from requiring a high school diploma to requiring an associate's degree was arbitrary or capricious.

The petitioner Garricks' contention is without merit. Miller, J. P., O'Brien, Altman and Krausman, JJ., concur.