■ In the Matter of ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Respondent, v COMMISSIONER OF PERSONNEL OF ROCKLAND COUNTY et al., Appellants. [697 NYS2d 168] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Personnel of Rockland County to hold a non-competitive examination for the civil service position of Chief of Police of the Town of Clarkstown, the Commissioner of Personnel of Rockland County and Rockland County Department of Personnel appeal, and the Town of Clarkstown separately appeals, from a judgment of the Supreme Court, Rockland County (Miller, J.), dated May 22, 1998, which, inter alia, granted the petition, and directed that a promotional list be created from the results of a promotional examination for that position.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The appellants correctly contend that a determination of the Commissioner of Personnel of Rockland County as to eligibility requirements for promotion generally should not be disturbed if any fair argument can be made to support it (see, Matter of

*Cahill v Casey,* 180 AD2d 680; *Matter of Quigley v Nassau County Civ. Serv. Commn.,* 153 AD2d 892). However, it is undisputed that in this case the eligibility requirements set by the Commissioner for promotion to the position of Chief of Police of the Town of Clarkstown would result in only one candidate being certified as eligible to sit for the promotional examination. Hence, the Supreme Court properly determined that, as so limited, the promotional examination would not constitute a competitive examination as required by Rockland County Police Act § 4 (L 1936, ch 526, as amended), and granted the petition accordingly. Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.