■ In the Matter of ANTONIA PALAIA et al., Appellants, v YONKERS CIVIL SERVICE COMMISSION, Respondent. [739 NYS2d 447] —In a proceeding, inter alia, pursuant to CPLR article 78 to compel the respondent Yonkers Civil Service Commission to administer examination 61-134 for the civil service title of Administrative Assistant as a promotional examination, the petitioners appeal (1) from a judgment of the Supreme Court, Westchester County (Barone, J.), entered March 12, 2001, which denied the petition and dismissed the proceeding, and (2), as limited by their brief, from so much of an order of the same court, entered May 4, 2001, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order entered May 4, 2001, made upon reargument; and it is further,

Ordered that the order entered May 4, 2001, is affirmed insofar as appealed from, and it is further,

Ordered that the respondent is awarded one bill of costs.

The six petitioners are employees of the Board of Education of the City of Yonkers in the permanent civil service title of "Administrative Secretary." They seek to compel the respondent, the Yonkers Civil Service Commission, to administer a civil service examination for "Administrative Assistant" positions as a promotional examination. The examination was offered as an open-competitive examination. The petitioner Antonia Palaia is a nonresident of Yonkers and can take only a promotional examination, because it has no residency requirement, unlike the open-competitive examination. The other petitioners, all Yonkers residents, believe that they have a better chance of obtaining the position if the examination is administered as a promotional examination.

The Supreme Court correctly determined that there was no evidence to support the petitioners' contention that the "Administrative Assistant" position was in direct line of promotion from the "Administrative Secretary" position. "[T]he determination of what positions are in the 'direct line of promotion' is one for the Civil Service Commission to make, and that the Commission has a right to impose certain terms and conditions of eligibility as a prerequisite to admission to any examination" (*Matter of Chapin v Schechter*, 23 Misc 2d 190, 192, *affd* 13 AD2d 473).

Accordingly, Civil Service Law § 52 does not require that the respondent hold a promotional examination for the "Administrative Assistant" position for the benefit of persons holding the "Administrative Secretary" title (*see Matter of Hedeman v*

*County of Dutchess,* 234 AD2d 294, 295). Prudenti, P.J., Altman, S. Miller and Cozier, JJ., concur.