■ MICHAEL BOTA et al., Respondents, v MUNICIPAL CIVIL SERVICE COMMISSION OF CITY OF NEW ROCHELLE et al., Appellants. [766 NYS2d 358] —In an action for a judgment declaring City of New Rochelle Civil Service Rule XIII unconstitutional as applied to police officers hired prior to its enactment, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, entered September 7, 2001, which, inter alia, denied their motion for summary judgment and granted the plaintiffs' cross motion for summary judgment.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and it is declared that City of New Rochelle Civil Service Rule XIII is constitutional as applied to police officers hired prior to its enactment.

It is well settled that competitive examinations, as well as other considerations such as previous training and experience, are factors to be used in determining the relative fitness and merit of candidates for promotion (*see Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle,* 37 NY2d 526 [1975]; *Matter of Fink v Finegan,* 270 NY 356 [1936]; Civil Service Law § 52 [2]).

The City of New Rochelle promulgated Civil Service Rule XIII for the examination for promotion to the position of police sergeant. Its provisions, consisting of a qualifying written ex-

amination requirement testing merit and fitness as well as education requirements, satisfy constitutional and statutory standards (*see Matter of Fink v Finegan, supra; Matter of Hedeman v County of Dutchess,* 234 AD2d 294 [1996]; *Davis v City of Dallas,* 777 F2d 205 [1985], *cert denied* 476 US 1116 [1986]). Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.